## LAMB v. CONNOLLY.

## SAME v. LANCY.

*(City Court of Brooklyn, General Term. October 22, 1888.)*

·1. CONSTITUTIONAL LAW—TAXATION—ASSESSMENT.

Laws N. Y. 1883, c. 114, entitled "An act concerning the settlement and collection of arrearages of unpaid taxes, assessments, and water-rates in the city of Brooklyn, and imposing and levying a tax, assessment, and lien in lieu and instead of such arrearages, and to enforce the payment thereof," recites that the validity of ·such unpaid assessments, etc., has been questioned by reason of irregularities in ·the procedure, authorizes the board of assessors to determine, as to each parcel of land previously assessed and in arrears, how much of such arrearages should be re-·assessed against each parcel, and provides for the publication of notice by the board to all persons interested to file their objections. *Held,* that the act is not unconstitutional, in that it does not provide for an apportionment, or in that it requires a levy for city taxes upon a portion only of the city. Following *Spencer* v. *Merchant,* 3 N. E. Rep. 682, 8 Sup. Ct. Rep. 921.

·2. SAME—NOTICE—LEGISLATIVE POWER.

Nor is the act unconstitutional because it does not require that the notice of re-assessment, etc., shall give the description of each parcel, and the ·name of the owner. The legislature has the power to determine what notice shall be sufficient.

·3. SAME—SALE—ADVERTISEMENT—DESCRIPTION OF PROPERTY.

For the same reason, the act is not unconstitutional, because the advertisement of sale under it is not required to designate the property by block and lot numbers.

Appeals from trial term.

These are actions of ejectment brought by Adam Lamb against Michael ·Connolly and William Lancy, respectively. Plaintiff claims title by purchase ·at tax sale, under Laws 1883, c. 114, entitled "An act concerning the settlement and collection of arrearages of unpaid taxes, assessments, and water-rates in the city of Brooklyn, and imposing and levying a tax, assessment, ·and lien in lieu and instead of such arrearages, and to enforce the payment ·thereof." The material portions of this act will be found in the statement of ·facts in *Terrill* v. *Wheeler,* 2 N. Y. Supp. 86. There was a trial to the court, ·and judgment in each case for plaintiff. Defendants appeal.

*A. H. & W. E. Osborn,* for appellants.    *John T. Barnard,* for respondent.

CLEMENT, C. J.   It is claimed that chapter 114 of the Laws of 1883 is uncon-·stitutional, on these grounds—*First,* because the act does not provide for any ·apportionment of the taxes, assessments, or water-rates to be levied there-·under, and in that it requires their levy upon a portion only of the city; *second,* ·because the act provided for a notice of intention to levy by the assessors which did not describe the owner, and did not designate the land to be af-·fected; *third,* because the act did not require the registrar of arrears to advertise the property by block and lot numbers on the ward map, or in some way to describe the property in the advertisement of sale.

The first objection has been repeatedly passed upon by the court of appeals adversely to the contention of the counsel for the appellant. The precise

question has been reviewed and decided by that court in *Spencer* v. *Merchant,* 100 N. Y. 558, 3 N. E. Rep. 682, which case was subsequently taken to the supreme court of the United States, and there affirmed.    125 U. S. 345, 8 Sup. Ct. Rep. 921.

We think, also, that the second constitutional objection to the act has been decided by the court of appeals.   Judge EARL says, (*Stuart* v. *Palmer,* 74 N. Y. 183, 188:)  "The legislature may prescribe the kind of notice, and the mode in which it shall be given, but it cannot dispense with all notice."  The act in question requires notice by advertisement to be given to all owners of land affected by any arrears of the intention to relevy, and provides for a hearing after such notice.   In the case above referred to (*Stuart* v. *Palmer*) it was decided, not that the property owner was entitled to a personal notice, but that the act there under review did not provide for any notice of hearing to the property owner, either actual or constructive, and it was there held that the legislature could fix the form of notice to be given.

The third objection to the act is not well taken.    The sale of land for taxes is analogous to the sale of real property by a sheriff, and there are many authorities holding that a sale under execution is valid, though the same has not been advertised.   Sections 1386 and 1436 of the Code of Civil Procedure were copied from the Revised Statutes.   Judge Cooley says, (Cooley, Tax'n, 2d Ed. 482:)  "There is no constitutional provision entitling one to notice in a particular mode; what the statute has made sufficient must be deemed so."

Another point made by counsel is that the notice of sale was defective, because it did not describe the property.   The opinion in *Eaton* v. *Reed,* (not reported,) printed as a part of the brief of counsel for the appellant, refers to a notice of sale attempted to be given under section 8, c. 370, Laws 1854, and is not in point, for that section did not prescribe the form of notice to be given.   The supervisor of Flatbush was required to post written notices, in four public places in the town, that, at the time and place specified in the notice, he would sell at public auction the lands on which the assessment remained unpaid.   The court held that, under the statute, it was necessary to advertise the lands by a description, and that an advertisement by assessment number was not a compliance with it.   We are of opinion that the notice of sale in the present cases complied with the letter of the statute, and was therefore valid.   The judgments appealed from must be affirmed, with costs.

VAN WYCK, J., concurs.