HENRY BLUMENTHAL, Respondent, *v.* LYMAN G. BLOOMINGDALE et al., Appellants.

Defendants executed to plaintiff a written lease, for the term of four years and seven months, of a basement under their store, covenanting to provide an entrance thereto by a staircase in the front part of the store. This covenant having been broken by defendants, it was subsequently agreed by parol that in lieu of such staircase plaintiff should have the use of

a stairway in another part of the store, with a right to use a portion of the store floor adjoining for the purposes of a sign and the display of goods. Defendants subsequently, and within a year after the tenancy began, removed plaintiff's sign and goods, and refused to allow him the use of the floor as agreed. In an action to recover damages *held,* that such substituted agreement was not void under the statute of frauds; that it was in legal effect a verbal lease of the stairway and adjoining floor, which, although it could not subsist for the full agreed term because of said statute, was good as a new contract for a year as there had been an entry and payment of rent, and inured as a tenancy from year to year ; and that, therefore, there was a cause of action.

Upon the cross-examination of one of plaintiff's witnesses he testified that he attempted to negotiate with defendants a sale of plaintiff's business. On his re-direct examination he was allowed to testify that, when plaintiff requested him to undertake the negotiation, he stated as a reason for his desire to sell, that defendants had obstructed him and he could not compete with them. *Held* no error.

(Argued October 28, 1885; decided November 24, 1885.)

Appeal from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made May 28, 1883, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for alleged breach of an agreement.

The defendants, as copartners in business, occupy the premises Nos. 926 and 928 Third avenue, New York city. In December, 1878, they leased the basement of the building to the plaintiff for four years and seven months, at a rental expressed. It was provided by the lease that the defendants might make such alterations in the store and basement as they should deem necessary and according to plans to be adopted ; and that upon the completion of the alterations, there should be an entrance to the basement by a flight of stairs from the front part of No. 926.

The plaintiff's evidence was to the effect that defendants, finding themselves unable to furnish the flight of stairs contemplated in the front part of the store, an agreement was made subsequent to the execution of the lease, by which, in consideration of the plaintiff waiving his rights to insist upon said

stairway from the front of the store, the defendants agreed to allow him the uninterrupted use of a staircase in the more interior part of their store and the privilege of displaying his wares around the staircase and walls. The failure to observe this latter agreement forms the gravamen of the plaintiff's action.

The further material facts are stated in the opinion.

*Samuel Hand* for appellants.

*Fred. Kurzman* for respondent. No good ground for the motion to dismiss complaint being expressed, the judge's mind not being called to any alleged error, he could do nothing but overrule the motion. (Code, § 999.) If the motion had been made in due and sufficient form, there is yet no order denying it, from which the defendant did or could appeal. (*Howard* v. *Hayes*, 47 Super. Ct. 89.) On an appeal from the judgment, only questions of law arising upon exceptions taken in the progress of the trial can be reviewed. (Code, § 1346; *Boos* v. *World Mut. L. Ins. Co.*, 64 N. Y. 236.)

FINCH, J. The defendants' motion for a dismissal of the complaint, and their request to charge that the agreement sued upon was invalid, so far as the contention was founded upon the statute of frauds, appear to us to have been properly refused. The plaintiff had a written lease of the basement which included an entrance by a staircase to be placed in the front part of defendants' store, and which lease ran for the term of four years and seven months. There is evidence that the landlords' covenant in this respect was broken; that they acknowledged their inability to supply the entrance contemplated by the lease; that a substituted staircase in a different position was agreed upon by parol as a performance of the covenant coupled, however, with a right of the tenant to use a portion of defendants' floor adjoining the stairway for the purpose of a sign and of the display of goods. No specific objection to this evidence founded upon the statute of frauds was

taken when the proof was offered; and there was no exception to the charge that after breach the terms of the lease could be modified or altered by a parol agreement; and the sole contention was that the substituted agreement which formed the basis of plaintiff's right was itself void as a lease for more than one year, or revocable as a mere license founded upon no consideration. The latter proposition is disposed of by the verdict of the jury. They were told that if they found no consideration for the permission claimed, and that it was a bare license or privilege, they should find for the defendants. We must assume, therefore, that the substituted parol agreement was founded upon a consideration and was in legal effect a verbal lease of the staircase and so much of defendants' store adjacent as was needed and agreed upon for signs and the display of goods, and that this new letting was by its terms for more than one year. It could not subsist for its full agreed term because of the statute, but nevertheless, there having been an entry into possession and a payment of rent, it was good as a new contract for one year, and inured as a tenancy from year to year. (*Reeder* v. *Sayre*, 70 N. Y. 184; *Laughran* v. *Smith*, 75 id. 209.) The removal of plaintiff's goods and the destruction of his sign, which formed the principal grounds of the action, all occurred during this first year, and so there was a cause of action which prevented a dismissal of the complaint, and the new agreement or contract was not void.

We have examined the exceptions taken to the admission of evidence during the progress of the trial. Only one of them seems to require comment. The defendants, upon cross-examination of Elkin Blumenthal, a witness for the plaintiff, drew out of him the fact that on one occasion he sought to negotiate with defendants a sale of plaintiff's crockery business, which negotiation failed. The purpose of this evidence, or the inference which the defendants sought to draw from it, is not very apparent. It was new matter, not at all growing out of the direct examination. It was possible to infer from it that plaintiff's business was unsatisfactory and so without profit as to make a sale desirable, and that independently of any inter-

ference by defendants, since nothing of the kind was alleged in the negotiation. Upon the re-direct examination of the witness, he was allowed to testify, under objection and exception, that plaintiff, when he requested him to attempt the negotiation, stated as a reason for his desire to sell, that defendants had obstructed him, and he could not compete with them. The alleged reason for the offer of sale actually given to the selected agent was a part of the *res gestœ* of the particular transaction made by the defendants themselves the subject of inquiry. If they were entitled to part of it plaintiff might prove the whole to prevent or rebut any adverse or damaging inferences. The answer, too, as the General Term suggest, beyond bringing out the true character and purpose of the attempted negotiation, tended to prove nothing more than what the plaintiff had already stated as a witness.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.