2 So.2d 413

**WOOLEN v. TAYLOR et al.**

**2 Div. 173.**

Supreme Court of Alabama.

May 22, 1941.

Rehearing Denied June 5, 1941.

M. B. Grace, of Birmingham, for appellant.

318

W. R. Withers and W. P. Gewin, both of Greensboro, for appellees.

THOMAS, Justice.

The appeal seeks a review of the decree of the court sustaining demurrers to the bill to redeem and set aside foreclosure deed and for an accounting. The amended bill is aided by the exhibit of mortgage and auctioneer's deed. Among other things it is averred:

"* * * default was made in the payment of said debts secured by said mortgage, at maturity of the same, and said property was advertised and sold in all respects as provided in said mortgage, on the 21st day of January, 1938, after notice thereof, as provided in said mortgage, for three successive weeks, in the Greensboro Watchman, a newspaper published in Hale County, Alabama, at which said sale said H. A. Taylor did become purchaser, at and for the sum of Seven Hundred Eighty & 57/100 ($780.57), this being the highest and best bid: * * *.

"Complainants further aver that before the expiration of the statutory period for redemption, H. A. Taylor agreed with Ivey F. Lewis, attorney for complainants, he would accept the sum of $750.00 in redemption of said property, and on the last day before the time for redemption expired, complainant's attorney, Ivey. F. Lewis, tendered to H. A. Taylor $750.00, which H. A. Taylor refused to accept, and as an excuse for not accepting said money claimed the time for redeeming the property had expired and for that reason refused to accept the said money and allow complainants to redeem said property.

\*   \*   \*   \*   \*

"Complainants further aver, if the respondent, H. A. Taylor gives complainants the amount of credits due them on the said indebtedness, complainants will not owe H. A. Taylor the sum of $750.00 or an amount approximating that amount, and complainants owe H. A. Taylor an amount far in excess of the amount of $750.00; that not withstanding complainants did not owe H. A. Taylor $750.00, or an amount approximating that amount, Ivey F. Lewis, as attorney for complainants agreed to pay said amount to H. A. Taylor in full for redemption of said property, and tendered said amount to H. A. Taylor within the time allowed by law for redemption of said property."

■ It is insisted by appellant that a valid foreclosure destroys the equity of redemption and creates the statutory right of redemption. To effectuate a valid redemption, it is incumbent upon the mortgagor to tender to the mortgagee the proper amount of money. If the mortgagee should be in need of the money invested in the purchase of the property, and agree with the mortgagor to accept less than what he paid for the property at foreclosure, that agreement is not an agreement with reference to the sale of real estate, but is one incident to the redemption of the property. It is the exercise of a personal right of contract. If the mortgagor accepts the proposal and duly tenders to the mortgagee the amount of money he agreed to accept in lieu of foreclosure, and the mortgagee refuses to accept it on any ground other than the insufficiency of the amount, in a bill to redeem the property, the averments of the oral agreement will be sufficient to give the bill equity, and without it, the bill will not contain equity.

■ This Court has held a parol agreement by a mortgagee, after foreclosure, to

accept something else than money in payment of the indebtedness, is not an agreement with respect to a conveyance of land and is not void as being within the statute of frauds. Code of 1923, §§ 8032–8050, Code 1940, Tit. 20, §§ 1–17; Tit. 7, §§ 108, 109. See Abbeville Live Stock Co. v. Walden, 209 Ala. 315, 96 So. 237; McKenzie v. Stewart et al., 196 Ala. 241, 72 So. 109; Lehman, Durr & Co. v. Marshall, 47 Ala. 362. As to extending the time for redemption, we will examine the cases.

■ A bill in equity must contain allegations of all facts necessary to show complainant's right to redemption and to the relief that is sought in the prayer. The question of immediate importance, presented by the sustaining of demurrer to the bill as amended, is whether or not a parol agreement by a mortgagee after foreclosure to accept payment in other things than money or of a less sum of money than that which is actually due under the foreclosure and to effectuate redemption under the statute, is an agreement with respect to a conveyance or redemption of land that is void under the statute of frauds. Code of 1923, §§ 8032, 8034, Code 1940, Tit. 20, §§ 1, 3.

■ The statute of frauds comes to us from the common law and was incorporated in our earliest statutes. Sichel v. Mosenthal, 30 Beav. 371, 8 Jur.N.S. 275, 18 Eng. Rule.Cas. 282; Aikin's Digest, p. 206, § 1. Under this statute, this court declared at an early date that the time of redeeming may be extended by parol agreement beyond that expressed in the mortgage. Deshazo v. Lewis, 5 Stew. & P. 91, 24 Am. Dec. 769; 19 R.C.L. p. 306, § 82.

There are several decisions by this court relative to the question presently before us. In Abbeville Live Stock Co. v. Walden, 209 Ala. 315, 96 So. 237, the facts were that the action was by a mortgagee in detinue for a mule against the purchaser thereof from mortgagor, who had sold the animal pursuant to the verbal instruction of mortgagee. There was conflict in the evidence as to the terms of mortgagee's consent to the sale, and the mortgage contained the provision that "none of the property conveyed herein shall be disposed of by the mortgagor without the consent in writing of the mortgagee or its assignee." The general rule of contract and stipulations solely for the benefit of one party may be waived by such party, and in the

absence of statutory provisions may be modified by a subsequent oral agreement, is applied. The statute was adverted to that a mortgage of personal property is not valid unless made in writing and subscribed by the mortgagor, and that the statute of fraud as. to real property and that prohibiting parol mortgages of personal property forbid "that the same be varied by parol." It is said that the general rule that obtains in such matters is that, "if the subsequent agreement in itself constitutes a contract within the statute it must be in writing to be valid; if it does not in itself constitute a contract within the statute, it will operate to modify the first contract. McKenzie v. Stewart, 196 Ala. 241, 72 So. 109; 20 Cyc. 287-F. * * *"

In the case of Abbeville Live Stock Co. v. Walden, supra, 209 Ala. 315, 316, 96 So. 237, 238, the earlier decisions in Lehman, Durr & Co. v. Marshall, 47 Ala. 362, 369, 376, are adverted to, as follows: "In Lehman, Durr & Co. v. Marshall, 47 Ala. 362, 369, 376, it was permitted to be shown that, though there was a note evidencing the debt, payable in money and secured by a mortgage, by verbal contract between the mortgagee and the mortgagor, if the latter delivered in the name of the former, at a warehouse to be named by him, a sufficient quantity of cotton at the agreed price per pound to pay the note secured by the mortgage, the mortgagee would accept the cotton in payment of the note; held, that such verbal agreement did not destroy the legal effect of the note, and that the mortgagee was bound by this agreement as to the nature of payment. The effect of this decision was that it was competent for the parties to a mortgage by parol agreement to change the time, mode, or the medium of payment, without in any way impairing the mortgage security. Lehman, Durr & Co. v. Marshall, supra (agreement to pay in cotton rather than money, as stipulated in the mortgage); Belloc v. Davis, 38 Cal. 242 (agreement to pay in gold, instead of legal tender notes); Contributors to Pennsylvania Hospital v. Gibson, 2 Miles (Pa.) 324 (agreement to accept part of principal before it was due); Williams v. Starr, 5 Wis. 534 (agreement to change the time and mode of payment). See, also, Morse v. Clayton, 13 Smedes & M. (Miss.) 373; Davis v. Maynard, 9 Mass. 242; Hadlock v. Bulfinch, 31 Me. 246; Burdett & Co. v. Clay, 8 B. Mon. [Ky.] 287, 295; Pond v. Clarke, 14 Conn. 334."

It will be noted that in McKenzie v. Stewart, 196 Ala. 241, 72 So. 109, that a mortgage on real estate, payable in money, was the subject of the controversy and the specific agreement of performance as to payment was fifteen shares of corporation stock in lieu of the $1,500 in money in satisfaction of the mortgage and note for that amount, and such was held to be without the statute of frauds, Code § 8034, when treated as a bill for redemption.

The subject of the modification of a contract by parol is treated at great length in 17 A.L.R. p. 7, and touching the phase of the subject as to payment, it is stated that:

"An agreement by a mortgagee to accept payment of the mortgage debt in other than money is held not an agreement with respect to a conveyance in land, hence is not within the Statute of Frauds. McKenzie v. Stewart, 1916, 196 Ala. 241, 72 So. 109. It is stated that it is true that the result of the mortgagee's acceptance of the property agreed to be accepted in payment would be the release of the land from the mortgage, but the same result would follow from his acceptance of money also, and in either case the release of the land results incidentally from the operation of law, and, not from any agreement of the parties.

"Other examples of facts held not to present a case within the Statute of Frauds appear in the cases. An agreement by vendors who were under obligation to remove clouds upon their title, with the vendee, to remove the clouds, has been held an original undertaking, which does not vary, add to, or contradict the written contract of sale, and is, therefore, not required by the Statute of Frauds to be in writing. Foster v. Hoff, 1913, 37 Okl. 144, 131 P. 531, Ann. Cas.1916B, 218.

"It has been held that a written agreement between a grantor and grantee after the conveyance of the land, that a balance on the purchase price should be retained until the grantor had perfected the title, might be modified by oral agreement of the parties that, in consideration of an abatement of part of the purchase price so retained, the balance of the purchase money should be paid without the perfection of the title as agreed upon. Negley v. Jeffers, 1875, 28 Ohio St. [90] 100. This is on the theory that the contract was not one within the Statute of Frauds."

The same rule has been followed by the Oregon Court in Sayre v. Mohney, 35 Or. 141, 56 P. 526, as to the payment of the balance due upon land under a written contract. In Blumenthal v. Bloomingdale, 100 N.Y. 558, 3 N.E. 292, the same has been held to apply as to the modification of a lease after a breach thereof. In Petrie v. Spooner, 145 Ark. 138, 223 S.W. 383, it was held that a contract for the sale of land and an agreement to erect a house of a specified value may be modified by parol.

In McCoun v. Shipman, 75 Ind.App. 212, 128 N.E. 683, it was held that the obligation represented by a note given to evidence unpaid purchase price of land may be modified by oral agreement; and that an offer to purchase lands, limiting the time within which acceptance may be had is not an agreement within the meaning of the Statute of Frauds; and consequently the agreement to extend the time fixed in writing for the acceptance thereof is not an agreement which the statute requires to be evidenced in writing. Morrell v. Studd & Millington (1913) 2 Ch. (Eng.) 648, 109 L.T.N.S. 628, 58 Sol.Jo. 12.

The voluminous notes in 17 A.L.R. conclude with the observation, (p. 14) that "Other cases in which a party has acted in reliance upon the oral modification, especially where he has completed performance of the obligations imposed upon him by the agreement, hold that the rights of the parties must be determined by the modified agreement. And some cases have determined the rights of the parties by the modified agreement, where one party has failed to take action called for by the writing in reliance upon the oral modification. These cases are based upon estoppel, waiver, etc.; none of them enforce the agreement as modified orally, by virtue of the agreement; reliance is placed upon the act of the party in inducing a departure from the written agreement as working an estoppel against him. These cases are fully discussed in subd. IV. infra."

There are many cases where a parol agreement modifying a written contract has been acted upon and the rights of the parties have been held to be determined by the modified agreement. Such are the holdings of the United States Court, California, Illinois, Kansas, Minnesota, Mississippi, Nebraska, New York, North Carolina, Ohio, Oregon, Pennsylvania, Washington, Wisconsin, Kentucky, Texas, Ontario, and New Mexico Courts. The annotator collects the authorities, saying:

"Waiver, estoppel, part performance, executed contract, and the rule that a court

will not allow the Statute of Frauds to become an instrument of fraud have each been relied upon in support of the holdings. It is evident that not every act of a party in pursuance of the oral modification should render the modification effective to determine the rights of the parties. As stated above, it is the theory of some cases that no such act renders the oral agreement effective unless it is accepted by the other party. Jones' Case, 1875, 11 Ct.Cl. 733. And see Moore v. Campbell (Eng.), supra II a[(1854) 10 Exch. (Eng.) 323, 2 C.L.R. 1084, 23 L.J.Exch.N.S. 310]. But a Federal court has accepted this theory as appears from Swain v. Seamens, 1869, 9 Wall. 254, 19 L.Ed. 554, and Smiley v. Barker, 1897, 83 F. 684, 28 C.C.A. 9, 55 U. S.App. 125, infra. In fact, this theory has not been adopted generally. * * *

"That equity will not allow the Statute of Frauds to be used as an instrument of fraud is the reason given in some cases for holding the oral modification effective. It has been stated that under this rule equity will decree specific performance, or hold the maker of an oral contract estopped from denying it, when the other party, by virtue of it and under and in pursuance of it, has so far acted that it would be aiding in a fraud to permit the contract to be repudiated. Simonton v. Liverpool, L. & G. Ins. Co., 1874, 51 Ga. [76], 80; Gerard-Fillio Co. v. McNair, 1912, 68 Wash. 321, 123 P. 462; Oregon & W. R. Co. v. Elliott Bay Mill & Lumber Co., 1912, 70 Wash. 148, 126 P. 406. * * *" 17 A.L.R. p. 46.

In 27 Corpus Juris § 203, p. 219, it is said: "An agreement by a mortgagee with the owner of the land extending the time in which he may redeem it is not a contract for the sale of the land within the statute. * * *"

In 27 Corpus Juris § 214, p. 225 and Note 62 thereto, it is said:

" * * * the time for redemption from an execution sale does not fail by reason of the statute of frauds. But where the time for redemption has expired and the rights of the execution defendant are extinguished, an agreement of the execution purchaser to relinquish his claim against the land in consideration of a certain sum is within the statute."

"Note 62. Bedford v. Graves, 1 S.W. 534 [8 Ky.Law Rep. 262]; Griffin v. Coffey, 9 B.Mon., Ky., 452, 453, 50 Am.Dec. 519; Curd v. Williams, 18 S.W. 634, 13 Ky.Law Rep. 855; Pellston Planing Mill, etc., Co. v. Van Wormer, 198 Mich. 648, 165 N.W. 724. And see Executions § 725.

" 'The right to redeem being a right created by law, the time for its exercise may be prolonged by the verbal agreement of the parties. To permit a purchaser, who had made a verbal contract of this kind, and thereby caused the defendant in the execution, to postpone the exercise of his right of redemption to a future period, to defeat the effect of the contract by relying upon the statute of frauds, would be to allow the statute, which was intended to prevent fraud, to be used as an instrument for its promotion.' Griffin v. Coffey, supra."

The subject is again considered, as follows, in 27 Corpus Juris § 233, p. 230: " * * * An oral agreement to extend the time for redemption from a judicial sale is valid and not affected by the statute of frauds. An agreement by a purchaser at a judicial sale, before the making of a deed to him, to allow a former owner of the land to redeem it by paying the amount of the judgment is not a contract for the sale of the real estate within the meaning of the statute of frauds. * * *."

And as illustrating cases not within the statute, it is said in 27 Corpus Juris § 418, pp. 330, 331, that:

"[418] c. Cases Not within Rule. Of course the general rule against the oral modification of written contracts within the statute of frauds has no application to contracts and transactions not within the operation of the statute. When the original contract is expressly agreed to be performed within a year, extensions from time to time by parol, for periods less than a year, will not be affected by the statute. Written leases for a term not exceeding the statutory period, or if for a term exceeding the statutory period having less than that time to run, may be modified by an oral agreement. * * *

"Oral Contracts not constituting a modification of the written contract do not of course violate the rule against oral modification of written contracts. Accordingly oral collateral contracts, unless themselves of a nature to come within the statute, are valid and binding, although they relate to matters covered by a written contract which is within the statute. * * *"

322

Such are the general authorities we believe that illustrate the holding as to extension of time.

And as affecting the manner of payment, we note that on the authority of Abbeville Live Stock Co. v. Walden, 209 Ala. 315, 96 So. 237, supra, it was held in Messer v. Dupuy-Burke Realty Co., 226 Ala. 438, 147 So. 193, that a tenant in possession of real property and the landlord could modify written lease by oral agreement for reducing future rent, in consideration of the tenant's paying past-due rent within specified time. Code of 1923, § 8034.

This case was cited with approval, as to the extension of time, in Rudder v. Trice, 236 Ala. 234, 182 So. 22, 23, and the Court said: "* * * it is very well settled that if the arrangement by which the term of a lease is extended for more than one year is a contract within itself, it must be in writing. But if such arrangement is not an independent agreement, but is in the nature of a modified manner of performing a valid contract which itself complies with the statute, it need not be in writing, though the statute would otherwise require a writing. * * *"

See also Baldwin v. Harrelson, 229 Ala. 469, 158 So. 416, as to the subject-matter, which is a disputed boundary line case held not within the statute of frauds.

Here the statute fixes the time to be acted upon and the amount requisite to be paid to effectuate redemption. Code of 1923, § 10140, Code 1940, Tit. 7, § 727. This was not required to be in writing, being declared by the statute. The parol contract of the parties, being sui juris and made after foreclosure and within two years thereof, fixed the amount to be paid at the amount of mortgagee-appellee's bid at the foreclosure sale. Such a contract was without the statute and not required to be in writing. Code of 1923, § 8034 et seq., Code 1940, Tit. 20, § 3 et seq. The case of Bank of New Brockton v. Dunnavant, 204 Ala. 636, 87 So. 105, dealing as it did with parol agreement to reinstate the mortgage or equitable rights thereunder, does not affect this case.

The pertinent averments of the amended bill are set out above. There are many grounds of demurrer. The court limited its finding as follows: "After argument and after consideration the Court is of the opinion that the Bill as amended, in its present shape, is subject to those grounds of demurrer which raise the proposition that it does not appear from the Bill as amended, that the agreement alleged to have been made by the Respondents with the Complainant's attorney for redemption of the land involved in the suit was in writing; and is therefore void as being contrary to the statute of frauds."

In this ruling there was error and the decree of the circuit court is reversed and the cause is remanded for further pleading and proof.

Reversed and remanded.

GARDNER, C. J., BROWN, and FOSTER, JJ., concur.