15 So.2d 590

## THOMPSON v. SUTTLE.

2 Div. 187.

Supreme Court of Alabama.

Nov. 18, 1943.

Lange, Simpson, Brantley & Robinson, Jas. A. Simpson, James C. Manning, and John W. Lapsley, all of Birmingham, for appellant.

McQueen & McQueen, of Tuscaloosa, for appellee.

THOMAS, Justice.

The appeal is from the ruling of the lower court in overruling appellant's demurrer to appellee's bill of complaint.

The bill was filed by former mortgagors against the devisee of the purchaser, to redeem lands sold under mortgage foreclosure sale, pursuant to the powers contained therein. The foreclosure was on November 11, 1933, and the bill was filed January 14th, 1943.

There are many grounds of demurrer challenging the equity of the bill. They may be grouped as:—(1) the allegations seeking redemption under an alleged oral agreement; (2) the sufficiency of the allegations of the bill to show estoppel of appellant to rely upon the defense of the statute of fraud, and (3) the sufficiency of the allegations to excuse appellee's delay in seeking to enforce the alleged right of redemption from such foreclosure sale.

The bill of complaint alleges that appellee and his father were joint owners or tenants in common of that certain tract of land described in the bill subject to two mortgages; the prior mortgage being from the for-

mer owner J. C. Suttle to the Bank of Centerville; and the second being from E. C. Suttle, Sr., and appellee to J. C. Suttle, for the balance of the purchase price of said lands. Said mortgages were respectively executed on February 24, 1925, and December 18, 1925. These mortgages were dully acquired by J. F. Thompson and thereafter foreclosed by him as transferee on November 11, 1933, and at which sale he became the purchaser under the powers therein contained.

It is further averred that said transferee Thompson died on March 17, 1941, and by his last will and testament devised said property to his wife, the appellant in this cause, who was also named in the pleading as executrix under the will of her deceased husband.

The bill further avers that before the foreclosure sale, appellee made an effort to sell parts of the land, which sale was not consummated, due to the fact that appellee's father and coowner E. C. Suttle, Sr., had died, and it was impossible to secure the due execution of conveyances by all of the heirs at law of said Suttle to the proposed conveyance. It is further averred (¶ 9 of the bill) that J. F. Thompson thereupon agreed with appellee that "he would foreclose said mortgages and become the purchaser at the foreclosure sale for the purpose of vesting title to said real estate in one individual so that the prospective sales, hereinabove referred to, could be carried out and completed, and that in furtherance of this agreement, between the said J. F. Thompson and Complainant, both of said mortgages were foreclosed and said Thompson became the purchaser at the foreclosure sale as hereinabove set forth."

It is further averred in said paragraph nine of the bill that it was agreed between the parties that the statutory right of redemption would be extended by the said "Thompson indefinitely and that the two year period provided for under the laws of the State of Alabama for redemption of real estate from mortgage foreclosure sale would not be used, enforced or relied upon by the said Thompson to prevent a redemption of the said real estate by complainant." Code 1940, Tit. 7, § 727.

It is further alleged that after such proposed sale had not been consummated, and within two years from the date of foreclosure, the said Thompson assured complainant that he would not be pushed for the amount due on the mortgages, and that

the time to redeem would not be insisted upon by him, and that complainant believed and relied upon such statements, assurances and conduct of the said Thompson and "down to the time of the death of said J. F. Thompson did not redeem from the said J. F. Thompson, the said real estate."

The bill further alleges that the conduct and assurances of Thompson "lulled complainant into the security that the statutory time to redeem would not be insisted upon and that complainant, acting upon such assurances and conduct of said Thompson down to the time of his death, did not redeem from him the said real estate."

It is further alleged that on September 9th, 1941, after the death of Thompson, appellee served upon the appellant a written demand for a statement in writing of the amount of the mortgage debt and lawful charges, and in response thereto the appellant denied appellee's right to redeem and refused to furnish the statement so demanded under the statute. There is the further averment of an offer to pay said mortgage indebtedness and all lawful charges on redemption of said property.

The principal ground of demurrer is that the alleged oral agreement or assurance of the redemption of land is shown to be within the statute of frauds, as set out in Code 1940, T. 20, § 3 (5), which reads as follows:

"§ 3. *Certain contracts to be in writing, else void.*—In the following cases, every agreement is void, unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing: * * *

"(5) Every contract for the sale of lands, tenements, or hereditaments, or of any interest therein, except leases for a term not longer than one year, unless the purchase money, or a portion thereof be paid, and the purchaser be put in possession of the land by the seller."

Such was the law when the respective mortgages were made, Code 1923, § 8034 (5), and when the foreclosure was had.

█ █ It is settled in this jurisdiction by the statutes and decisions that an oral agreement to convey an interest in land is void unless the purchase money or a portion thereof is paid and the purchaser is put in possession of the land by the seller. The equity of redemption of a mortgagor is extinguished by a valid foreclosure and thereafter remains only a statutory right

of redemption, which is a personal privilege granted to the person entitled to redeem. An agreement to allow redemptions after the statutory period has expired is an agreement to convey an interest in land and is within the provisions of the statute of fraud. Bank of New Brockton v. Dunnavant, 204 Ala. 636, 639, 87 So. 105; Goree v. Clements, 94 Ala. 337, 10 So. 906.

The recognized general rule is stated in Junkins v. Lovelace, 72 Ala. 303, by Mr. Justice Stone, to the effect that if the parol agreement is to allow redemption of land after the expiration of the statutory period, it is within the statute of frauds, and such is the effect, regardless of the fact of whether the agreement was made before or after the expiration of the statutory period. This holding has been adhered to by this court. Woolen v. Taylor et al., 241 Ala. 316, 2 So.2d 413.

█ The exceptions to this general rule are where the oral agreement or some act of the mortgagee or purchaser at the foreclosure sale is held to be a fraud or such deception as to lull the adverse party in interest to a false sense of security. To accord equitable relief in such case, it is held that, the person who has practiced the fraud or deception may not plead the statute of frauds; that is to say, may not use the statute as an instrument of fraud.

These cases recognize the oral agreement as being within the statute of frauds and to avoid the action must be based on fraud, that amounts to an estoppel, to plead the statute. For example, in Woolen v. Taylor et al., supra, it was shown by the mortgagees after foreclosure agreed with the mortgagor to permit redemption for a less sum than that paid at foreclosure sale; that before the expiration of the two-year period the mortgagor tendered the amount he agreed upon and the bill for redemption was promptly filed on failure to accept the amount tendered. This court held that there was estoppel to prevent the mortgagee from asserting the statute. Otherwise the statute would have become an instrument of fraud and it would be aiding in a fraud to permit such contract to be repudiated. In the last-cited case there was no question of laches, the agreement was to be performed within the statutory period, and the performance was sought within the two years allowed.

█ In the case at bar no such fraud or deception is averred in the bill, and the facts and circumstances alleged refute such

deception or fraud. We hold that the alleged oral promises or oral assurances of Thompson, extending over a period of six years, as averred in the bill, were purely gratuitous, unacknowledged offers, and within the statute of fraud, when considered aside from the unsupported conclusions of the pleader.

In Peters Mineral Land Co. v. Hooper, 208 Ala. 324, 330, 94 So. 606, 612, it is declared of the burden of the pleader, as follows: "When a suit is brought within the analogous time of the statute of limitations, defendant must show laches, but when brought after the statutory time, complainant must plead and prove that laches does not exist. Woodlawn Realty & Development Co. v. Hawkins, 186 Ala. 234, 65 So. 183. * * *"

In the case of Fields v. Killion, 129 Ala. 373, 29 So. 797, 798, cited by the court in its decree, the action of the mortgagee was held to have induced a third person to purchase lands with an assurance to the purchaser that the mortgage would never bother him. The court said: "The estoppel relied upon is known as an equitable estoppel, or estoppel in pais, and the law on the subject is well settled. 'The vital principle [says Herman] is that he who by his language or conduct induces another to do what he would not otherwise have done, shall not subject such person to loss or injury by disappointing the expectations upon which he acted. Such a change of position is sternly forbidden. It involves fraud and falsehood, and the law abhors both. This remedy is always so applied as to promote the ends of justice.' 2 Herm. Est. § 934; Hendricks v. Kelly, 64 Ala. 388, 391; Nelson v. Kelly, 91 Ala. 569, 8 So. 690; McCravey v. Remson, 19 Ala. 430, 54 Am.Dec. 194; 7 Am. & Eng. Enc. Law, 18; 4 Am. & Eng.Dec. Eq. 258. * * *"

In the above case such act was construed as an estoppel to thereafter assert any right under the mortgage against the purchaser, who had been thus induced to act to his detriment at the foreclosure sale. Gable v. Kinney, 219 Ala. 150, 121 So. 511.

The bill specifically alleges that the sale adverted to in the pleading could not be consummated by reasons not chargeable to Thompson, the purchaser at foreclosure, or to his devisee, the party before the court. First National Bank of Mobile v. Burch, 237 Ala. 680, 188 So. 859.

Further grounds of demurrer challenge the bill under the authorities to the effect that two years by analogy to the statutory period of redemption are generally construed as a reasonable time within which to seek redemption or attack a foreclosure sale. Ezzell v. Watson, 83 Ala. 120, 3 So. 309; Oxford v. Estes et al., 229 Ala. 606, 158 So. 534.

In Taylor et al. v. Ladd et al., 229 Ala. 562, 158 So. 761, the holding is that the "matter of laches in appealing to powers of equity depends on lapse of time, changed conditions affecting parties, their power to adduce evidence of true and material facts, and relation of party supposed to be affected thereby as related to property right in controversy."

■ In the case at bar the purchaser at the foreclosure sale, and the party making the alleged agreement is dead. His widow is confronted with the necessity of defending a suit to sustain which it would require the court to infer that the conduct of the deceased was such as to constitute constructive, if not actual, fraud; and this defense she could not make without the aid of testimony of her husband, the purchaser at foreclosure sale. The public policy of the state, as expressed in the statute, would prevent the appellee from testifying against the estate of J. F. Thompson as to the oral agreements or assurances alleged to have been made with or by the deceased husband to the complainant. Code 1940, T. 7, § 433.

There are other grounds of demurrer, which we will consider, that are fatal to complainant's recovery.

■ When no time of performance is specified in an agreement to extend the time of redemption of real estate, it will be presumed that the parties intended performance within a reasonable time, as determined from the circumstances. Wolfe v. Parham, 18 Ala. 441, 450.; Ezzell v. Watson, 83 Ala. 120, 122, 3 So. 309; Alexander v. Hill, 88 Ala. 487, 7 So. 238, 16 Am.St. Rep. 55; Griffin v. Ogletree, 114 Ala. 343, 21 So. 488; Farrow v. Sturdivant Bank, 184 Ala. 208, 63 So. 973. The facts stated in the bill indicate an unusually long delay by appellee in the exercise of an alleged right, and the facts stated in the bill also fail to excuse such unreasonable delay. In Fowler v. Alabama Iron & Steel Co., 164 Ala. 414, 51 So. 393, it is said by Mr. Justice Sayre: " * * * It is familiar learning that in the application of the doctrine of laches courts of equity act in accordance with the analogy furnished by the statute of limitation, so that if the corresponding

·legal right, asserted under similar conditions, would be barred, the equitable action is held to have been lost by laches—by the neglect to assert it within a reasonable time. This rule is subject to modifications arising out of the relations of the parties, and which other recognized principles of equity jurisprudence require to be considered. Montgomery Light Co. v. Lahey, 121 Ala. 131, 25 So. 1006. Such qualifying circumstances may be found in the complainant's ignorance of his rights, or his infancy, or mental unsoundness, or that he was in possession, or the pendency of another suit to enforce the same right, the existence of confidential relations, estoppel of the defendant, and in other circumstances as to be found noted in the reports of the adjudicated cases. * * * 'When the suit is brought after the statutory time, plaintiff must plead and prove that laches does not exist, and the facts must be specifically and precisely pleaded.' * * *" 164 Ala. 420, 51 So. 395.

A recent announcement on this subject is to be found in Lamar v. Rivers et al., 235 Ala. 130, 178 So. 16, wherein it was held that, "The doctrine of 'state demands' or 'laches' is a creature of equity based on lack of diligence and good faith in invoking the court's jurisdiction to the prejudice or disadvantage of the defendant and is to be applied to the circumstances affecting the particular person and case."

Here the appellee waited eight years after the foreclosure of the mortgage and after the death of the transferee of the mortgages, and purchaser at due foreclosure, before making any effort to redeem the land in accordance with the alleged oral agreement with Thompson. There are no alleged facts pleaded which would excuse appellee for this long deferred action to enforce his alleged oral agreement, or in accepting the proposals of Thompson to permit redemption if made. Appellee challenges by demurrer the sufficiency of the bill with reference to unexcused delay. Gayle v. Pennington, 185 Ala. 53, 64 So. 572.

It follows from the foregoing that there was error in overruling the several grounds of demurrer of respondent, appellant here.

Reversed and remanded.

All the Justices concur, except LIVINGSTON, J., who dissents.