27 So.2d 863

**WOOLEN v. TAYLOR.**

**2 Div. 227.**

Supreme Court of Alabama.

Nov. 21, 1946.

M. B. Grace, of Birmingham, for appellant.

W. R. Withers and W. P. Gewin, both of Greensboro, for appellee.

FOSTER, Justice.

This is the second appeal in this case: the first is reported in 241 Ala. 316, 2 So.2d 413. That appeal was from a decree sustaining demurrers to the original bill as amended. That was evidently the decree of March 13, 1941, as shown in this record, which limited the ruling upon that ground of demurrer claiming that the agreement alleged in the bill was not effective because not in writing, and contrary to the statute of frauds.

The litigation began on June 28, 1940, by filing a bill in favor of the mortgagor, who is appellant here, against the mortgagee and another alleged to have some interest under the mortgagee. The bill alleges that the mortgage was foreclosed by the mortgagee on January 21, 1938; that the foreclosure deed was not properly executed, and sought upon final hearing a decree adjudging that the foreclosure deed was null and void, and that it be set aside, and the complainant be allowed to redeem, praying for a reference to ascertain the mortgage debt, and offering to pay the amount so ascertained: with general prayer for relief in the alternative.

It will be observed that this is an effort to enforce the equity of redemption, electing to have a foreclosure of a mortgage declared to be void. There was no attempt to comply with the statutes authorizing the right of redemption as set forth in the Code, Title 7, beginning with section 727.

There was a demurrer to the bill not acted on.

On November 9, 1940, an amendment to the bill was filed by the addition of paragraphs 10 and 11. By it a statutory right of redemption was sought, but not in the alternative. The original purpose has not been further considered, so far as the briefs show. In paragraph 10, it is alleged that after said mortgage had been foreclosed, and within the two year period, respondent agreed to accept $750 to be paid by complainant in redemption of said land, and that on to wit, January 20, 1940 (which was within the two year period), the attorney for the complainant mailed to respondent his check for $750 in redemption of said property; and that on January 23, 1940, respondent returned the check to said attorney advising him that the time for redeeming the property had expired. The amendment further alleges that the time for redeeming the property expired at midnight January 22, 1940. That January 21st was Sunday, thereby extending the time to the

next day, Monday, January 22d. That the letter containing said check was received by respondent on January 22d, and that said check was drawn on a solvent bank, and would have been paid had it been presented; and that the refusal to accept the tender was (not on account of it being a check instead of money, but) because respondent contended it was not tendered within the time allowed by law, and complainant then and there by allegation in the amendment, tendered said sum of $750 in full redemption of said property. But there is no allegation in it then or subsequently made that the amount of said tender was paid into court as required by section 734, Title 7, Code. The other allegations of said amendment are not necessary here to mention.

On February 7, 1941, complainant filed another amendment, which makes a substituted paragraph 5, among other things not necessary to mention; and, in said paragraph 5, as so amended, the complainant alleges that before the expiration of the statutory period of redemption, respondent H. A. Taylor, the mortgagee, agreed with the attorney for the complainant that he would accept $750 in redemption of said property, and on the last day, before the time for redemption expired, the attorney tendered to said Taylor his check for $750, which check Taylor refused to accept because he claimed the time for redeeming the property had expired.

To this bill so amended, respondent demurred, and especially to paragraph 10 of the bill, assigning the same grounds theretofore assigned, and that it shows that no tender was made as required by law, and that the agreement to redeem was void as in violation of the statute of frauds.

Upon submission of that demurrer, the court entered a decree, heretofore mentioned, of March 13, 1941, sustaining the demurrer on the ground that it alleged the agreement was not in writing, and from that decree the appeal was taken, and acted upon as reported in 241 Ala. 316, 2 So.2d 413, 418, supra. In that opinion the Court cited some authorities on the question of fraud as an estoppel operating against one from setting up the statute of frauds as a defense to a suit on a verbal agreement required by law to be in writing.

But from the foregoing statement of the pleadings up to this time, we do not see where that principle was involved on that appeal, and the ruling of the Court, as we interpret the opinion, was not based upon the principle of fraudulent estoppel, denying the respondent the right to plead the statute of frauds.

On the other hand, the opinion states as follows: "Here the statute fixes the time to be acted upon and the amount requisite to be paid to effectuate redemption. (Citing the statute). This was not required to be in writing, being declared by the statute. The parol contract of the parties, being sui juris and made after foreclosure and within two years thereof, fixed the amount to be paid at the amount of mortgagee-appellee's bid at the foreclosure sale. Such a contract was without the statute and not required to be in writing." (Citing the Code section.) The opinion then quotes from the decree of the trial court, showing that it was based upon the principle that the agreement was void, and contrary to the statute of frauds, and then it concludes by saying; "In this ruling there was error."

We cannot understand that to mean anything else but that the court was holding that the alleged agreement of the parties set out in the bill as amended was not within the statute of frauds, and was not void because it was verbal. It will be noticed that there is nothing in the pleadings up to this time making an allegation to the effect that the respondent had agreed to extend the time within which the redemption may be made; but, as we have stated, the substance of the pleading shows that the check for $750 was received by the respondent on January 22, 1940, which was alleged to be before the expiration of the two year period, also making the allegation in amended paragraph 5 of February 5, 1941, that before the expiration of the statutory period, and on the last day thereof, complainant's attorney tendered the $750 to the respondent, and he refused to accept it, and claimed that the time for redemption had expired.

So we find nothing in the record as it appeared on the former appeal with reference to any agreement whereby the time within which the redemption may be effected was entended, and as we read the opinion it does not refer to any such agreement, but only to an agreement fixing the amount necessary to redeem at $750, and holding that such an agreement is not within the statute of frauds.

This is likewise in accordance with the quoted provisions of the pleading set out in the opinion on that appeal. We have gone into this detail with reference to that situation in view of what is stated in the case of Thompson v. Suttle, 244 Ala. 687, 15 So. 2d 590, written by the same judge who wrote the opinion on the former appeal in this case.

We have difficulty in reconciling the statements there made with the holding actually made on the former appeal in this case. In that opinion in the 2d, 3d, and 4th paragraphs, as numbered on page 690 of 244 Ala., on page 592 of 15 So.2d, it is declared that an agreement is within the statute of frauds if it consents that a redemption be made after the expiration of the period whether the agreement was made before or after the expiration of that period. The opinion goes on to observe that on the former appeal in this case, this Court adhered to that principle; but that there was an estoppel to prevent the mortgagee from asserting the statute on account of fraud and deception such as to lull the complainant in a false sense of security, and properly referred to the facts appearing on that appeal as being that before the expiration of the two year period complainant tendered the amount he agreed upon, and that the bill was promptly filed on failure to accept the amount tendered.

We think there was a misinterpretation of the opinion rendered upon the first appeal in this case in stating that it held that the mortgagee purchaser was estopped from asserting the statute of frauds.

We see nothing in the actual holding on the former appeal to that effect, nor anything in it which now seems to be erroneous. We still do not think that an agreement fixing the amount to be paid under the statute to redeem would be within the statute of frauds, as there held, and there was nothing presented on the former appeal with reference to an agreement whereby the time to exercise that right was extended.

In the Thompson case, supra, it was held, as we have shown, to be within the statute of frauds to make an agreement extending the time within which the right of redemption may be exercised.

Since the case was disposed of on former appeal, reversing the decree of the trial court, as we have indicated, additional grounds of demurrer have been filed going particularly to the sufficiency of the bill attempting to allege a tender, in that, a check was tendered and not currency, and also setting up laches. The demurrer was sustained by decree of November 26, 1943. On December 12, 1943, another amendment was filed, not material here to refer to. On March 3, 1944, another amendment was filed and amended May 8, 1944, not by way of an alternative but as a further statement of the facts. The demurrer to the amended bill was sustained, and from it the instant appeal was taken, and it is the basis of the only assignment of error. In that amendment as amended, it is alleged that it was necessary for the complainant, in order to effect a redemption, to borrow the money, and that complainant's attorney, who was then Ivey F. Lewis, agreed with complainant that he would undertake to raise said amount of money and pay same to H. A. Taylor, and in accordance with said agreement, complainant agreed to secure Lewis therefor and executed a mortgage on the land. That Lewis after negotiation, secured said money from a bank in Demopolis, and after doing so, he returned to his office in Birmingham on Saturday, January 20, 1940, and immediately sent to H. A. Taylor by United States mail a check for $750 drawn to his order on the Commercial National Bank of Demopolis, Alabama, which was to be in liquidation of said indebtedness and in redemption of said land under said foreclosed mortgage, advising H. A. Taylor he had great difficulty in raising the money, and requesting him

to transfer the mortgage and note he held, advising him the check was to be in full settlement of the indebtedness to H. A. Taylor. Complainant was advised that H. A. Taylor claimed the aforesaid check did not reach him until the afternoon of January 23, 1940, and that the time for redemption having expired January 22, 1940, he returned said check to Ivey F. Lewis, and wrote him the time for redemption had expired, and for that reason declined to accept said check.

We quote also the following from said amendment, "That H. A. Taylor knew of the efforts and difficulties encountered in attempting to raise the money necessary to redeem said land under said agreement, and by his act and deed, if not by word, led Ivey F. Lewis, attorney for complainant, to believe he would accept payment of said amount of money even if it was a few days over the statutory period of redemption, and Ivey F. Lewis advised complainant H. A. Taylor would accept payment of the $750 even if paid a few days over and beyond the statutory period for redeeming said land." Also that Taylor "led Ivey F. Lewis by deed, action, conduct or word to believe he would accept payment of the $750 in * * * redemption until the two year period expired, and the aforesaid check,, as contended by respondent, being a few hours late in reaching, exercised or attempted to exercise his right to refuse to accept the money and prevent redemption of the land; that the said land was valuable farm land and the respondent desired to own and possess it."

■ We understand that this amendment brings before the Court for the first time any reference made to a willingness on the part of respondent to accept payment of $750, even if it was a few days beyond the statutory period of redemption, and in substance conceding that the tendered check was received after the expiration of the two year period. While this conflicts with other statements, it is not made in the alternative, and the bill must be construed on demurrer strictly against complainant.

■ Such an alleged agreement is within the statute of frauds, and as an agreement is void. Thompson v. Suttle, supra; Bank of New Brockton v. Dunnavant, 204 Ala. 636, 639, 87 So. 105.

■ As we have noted, it is by this amendment that for the first time in the pleading any attempt is made to allege that although the tender was not made in the two year period, there was an extension of the time for redemption; and to set up matter of estoppel as a claim against the respondent to prevent him from taking advantage of the statute of frauds, and we have quoted that feature of the amended bill which contains the strongest terms in which that claim has been made. As we have shown, it is merely said that the respondent by act and deed, if not by word, led the attorney to believe that Taylor would accept the money a few days beyond the period of the statute.

Such an allegation is not sufficient to sustain an estoppel since it expresses the conclusion of the pleader and lacks averments of the essentials on which the claim must be based. (1) It must specify the acts or deed (or words, if any) relied on. (2) It must allege that they were intended by Taylor, or reasonably calculated, to lead complainant, or his attorney, to believe that the money would be accepted in redemption after the statutory period. (3) And that complainant or his attorney so understood, and (4) that they could and would have raised the money and tendered it within the statutory period, but for that belief so reasonably engendered, but (5) in reliance on such belief so engendered they delayed action in doing so until the statutory period had passed, and then acted within the time so intended by Taylor for it to occur. 31 C.J.S., Estoppel, §§ 69, 71, pp. 261, 268, 269; 27 C.J. pp. 338, 339, notes 64, 65; Thompson v. Suttle, supra; Thompson v. New South Coal Co., 135 Ala. 630(3), 34 So. 31, 62 L.R.A. 551, 93 Am.St.Rep. 49; Clanton v. Scruggs, 95 Ala. 279(3), 10 So. 757; White v. Levy, 93 Ala. 484, 9 So. 164; Fields v. Killion, 129 Ala. 373, 29 So. 797; Hendricks v. Kelly, 64 Ala. 388; Gable v. Kinney, 219 Ala. 150, 121 So. 511.

The matter of the sufficiency of the tender by a check is of no importance in the light of the allegation in the bill that it was

**412**

declined (not because it was a check, but) because of the claim that it was received after the expiration of the time to redeem.

█ There is another question which suggests itself, but not argued in brief: that as the bill is treated as one to exercise the statutory right of redemption, it should allege that the amount which was tendered to the defendant was paid into court upon the filing of the bill, as required by section 734, Title 7, Code 1940. Murphree Summerlin, 114 Ala. 54, 21 So. 470; Randolph. v. Bradford, 204 Ala. 378, 86 So. 39.

An allegation in the bill that a tender is then and there made is not alone sufficient to show the payment of money into court.

We have noted that when this suit was here on former appeal, the bill alleged that 'there was an agreement between complainant's attorney and H. A. Taylor fixing $750 as the amount to be paid to effect a redemption, and alleged that said amount was tendered in the two year period. The only legal question presented was the ruling in the trial court that such an agreement was void under the statute of frauds. We held it was not in the statute of frauds, and see no reason to depart from that holding.

While the same allegations now appear, it is also alleged, not in the alternative, that Taylor claims that he did not receive the check until after the expiration of the two year period, but had agreed to extend the time to that date. As against that claim and the contention that the agreement .is within the statute of frauds, complainant has undertaken to set up an estoppel.

We must treat the bill most strongly against complainant on demurrer. Therefore we must treat the bill as alleging that the check was not received as a tender until after the two year period. As we have shown the bill does not sufficiently set up estoppel to prevent Taylor from contending that the extension agreement was void under the statute of frauds. Therefore the demurrer to the bill as now framed was properly sustained.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.