31 So.2d 320

### WOOLEN et al. v. TAYLOR.

### 2 Div. 236.

Supreme Court of Alabama.

June 30, 1947.

Rehearing Denied July 31, 1947.

M. B. Grace, of Birmingham, for appellants.

W. R. Withers and W. P. Gewin, both of Greensboro, for appellee.

BROWN, Justice.

The original bill in this case was filed June 28, 1940. This is the third appeal from rulings on demurrer to the bill as originally filed and as amended. On the first appeal the bill was treated as a "bill to redeem and set aside foreclosure deed and for an accounting." Woolen v. Taylor et al., 241 Ala. 316, 317, 318, 2 So.2d 413, 414. The decree appealed from in that case was limited by the following statement in the decree:

"'After argument and after consideration the Court is of the opinion that the Bill as amended, in its present shape, is subject to those grounds of demurrer which raise the proposition that it does not appear from the Bill as amended, that the agreement alleged to have been made by the Respondents with the Complainant's attorney for redemption of the land involved in the suit was in writing; and is therefore void as being contrary to the statute of frauds.'" 241 Ala. at page 322, 2 So.2d at page 418.

The agreement referred to in that ruling related to a verbal contract or agreement between the purchaser at the foreclosure sale and the mortgagors to extend the time for redemption beyond the two years allowed by law for exercising the statutory right of redemption. On the authority of Griffin v. Coffey, 9 B.Mon., Ky., 452, 453, 50 Am.Dec. 519, it was held that such agreement was not within the statute of frauds. Griffin v. Coffey dealt with the right to redeem property sold under execution. The Kentucky court observed:

"It has been held, that if a party makes a purchase in his own name, and upon his own credit, a verbal agreement to make the purchase for another, is within the operation of the statute of frauds. But in this case it was not a purchase by Coffey from Gann, the legal title holder, but it was substantially a pledge by Griffin and wife, of their equity of redemption, until the rents and profits of the property should repay Coffey the amount he had advanced for them in redeeming the property for Gann.

"If Gann had retained the title, and made a similar contract with Griffin, whilst his equity of redemption existed, could he have relied upon the statute of frauds to have prevented an enforcement of the contract? Such an arrangement would have been, in effect, a mere extension of the time of redemption. The right to redeem being a right created by law, the time for its exercise may be prolonged by the verbal agreement of the parties. To permit a purchaser, who had made a verbal contract of this kind and thereby caused the defendant in the execution, to postpone the exercise of his right of redemption to a future period, to defeat the effect of the contract by relying upon the statute of frauds, would be to allow the statute, which was intended to prevent fraud, to be used as an instrument for its promotion." Griffin v. Coffey, 9 B.Mon. Ky., 453, 454, 50 Am.Dec. 519, 520, 521.

In a subsequent case, this court, speaking through the same justice who wrote the opinion on the first appeal, the following observation was made:

"These cases recognize the oral agreement as being within the statute of frauds and to avoid the action must be based on fraud, that amounts to an estoppel, to plead the statute. For example, in Woolen v. Taylor et al., supra (241 Ala. 316, 2 So. 2d 413), it was shown by the mortgagees after foreclosure agreed with the mortgagor to permit redemption for a less sum than that paid at foreclosure sale; that before the expiration of the two-year period the mortgagor tendered the amount he agreed upon and the bill for redemption was promptly filed on failure to accept the amount tendered. This court held that there was estoppel to prevent the mortgagee from asserting the statute. Otherwise the statute would have become an instrument of fraud and it would be aiding in a fraud to permit such contract to be repudiated. In the last-cited case there was no question of laches, the agreement was to be performed within the statutory period, and the performance was sought within the two years allowed.

"In the case at bar no such fraud or deception is averred in the bill, and the facts and circumstances alleged refute such deception or fraud. * * *" Thompson v. Suttle, 244 Ala. 687, 690, 691, 15 So.2d 590, 592.

The second appeal was by the complainant from a decree sustaining the demurrers to the bill as amended entered on March 13, 1941. On that appeal the case was treated as one to declare the foreclosure void and assert the complainant's equity of redemption and for an accounting. It also appears that it was treated as a statutory bill to redeem but it was observed: "* * * By it (the amendment adding paragraphs 10 and 11) a statutory right of redemption was sought, but not in the alternative. The original purpose has not been further considered, so far as the briefs show. In paragraph 10, it is alleged that after said mortgage had been foreclosed, and within the two year period, respondent agreed to accept $750 to be paid by complainant in redemption of said land, and that on to wit, January 20, 1940 (which was within the two year period), the attorney for the complainant mailed to respondent his check for $750 in redemption of said property; and that on January 23,

1940, respondent returned the check to said attorney advising him that the time for redeeming the property had expired. The amendment further alleges that the time for redeeming the property expired at midnight January 22, 1940. That January 21st was Sunday, thereby extending the time to the next day, Monday, January 22d. That the letter containing said check was received by respondent on January 22d, and that said check was drawn on a solvent bank, and would have been paid had it been presented; and that the refusal to accept the tender was (not on account of it being a check instead of money, but) because respondent contended it was not tendered within the time allowed by law, and complainant then and there by allegation in the amendment, tendered said sum of $750 in full redemption of said property. But there is no allegation in it then or subsequently made that the amount of said tender was paid into court as required by section 734, Title 7, Code. The other allegations of said amendment are not necessary here to mention." Woolen v. Taylor, 248 Ala. 407, 409, 27 So.2d 863, 864.

On that appeal it was held that said agreement to extend the time for redemption beyond the two years was within the statute of frauds and void. The holding on the first appeal that it was within the competency of the parties by verbal agreement to agree on the amount necessary to be paid in redemption from the foreclosure was upheld and the decree sustaining the demurrer was affirmed.

Thereafter on December 21, 1946, the bill was again amended by striking all amendments of the original bill theretofore made, leaving in the original bill paragraphs 1, 2, 3, 4, 5, 6, 7 and by striking the specific prayer for relief set forth in the original bill and adding in lieu of paragraphs 8 and 9 so stricken an amendment covering twelve pages of this record with substituted prayer for specific relief which we catalogue here. That the court decree:

1. That complainants were entitled to have a certain amount of money and property or its value credited on the mortgage debt.

2. That the mortgage erroneously embraced land of Doc Large, deceased; that it was executed by complainants in blank and the description subsequently added; that the lands described in the mortgage were not the lands agreed upon between the parties; that a particular 80 acres of the land not particularly described was the homestead of Lee Woolen and his wife; that the separate acknowledgment of the wife of Lee Woolen to the mortgage was simulated; that the mortgagors did not appear before the officer who certified to the acknowledgments; that the amount of $750 agreed upon by the solicitor for complainant and the respondent as the amount necessary for redemption of the property was tendered to the respondent within the period for redeeming the property from foreclosure sale.

3. That the respondent is estopped by his conduct and agreement to prevent complainants from redeeming the property.

4. In the alternative, if the court shall find and hold that the complainants do not have the right to redeem said property, the court decree that the difference between the actual amount of the indebtedness secured by the mortgage and the amount of any bid by respondent for the property at the foreclosure sale be paid by the complainants with interest.

5. That the court decree that the value of the property which respondent received from complainants after said mortgage was signed and executed by the mortgagors be credited upon the mortgage debt.

6. That the foreclosure deed be canceled as a cloud upon the title of the complainants.

The mortgage, the subject matter of the controversy, and the foreclosure deed are attached to the original bill and made a part thereof. It appears from said exhibit that the mortgage was duly executed and the acknowledgments taken and certified by a notary public of the county wherein said mortgage was executed, including the separate acknowledgment of Pecolia Woolen, wife of Lee Woolen, said acknowledgments being in the form prescribed by the statute. Said last amendment heretofore referred to consists of a conglomerate allegation of fact without respect to any phase of relief prayed for in the bill.

It appears from the foreclosure deed that the property was sold under the power of sale in the mortgage on the 21st of January, 1938, and the bill as amended alleges that the complainants made tender by check of the amount agreed upon by the parties as necessary for redemption on the 22d day of January, 1940, which was within the two years allowed for redemption. Moreover, we judicially know that the 21st of January, 1940, was on Sunday and if it was necessary in the computation of time, the statute would exclude January 21, 1940, said date being Sunday, but in fact the tender was made on the 22d, within the two years. Code of 1940, Title 1, § 12. Therefore the allegations relating to the extension of the time were wholly surplusage.

Said tender and offer to redeem though timely was accompanied by a condition that the mortgage after redemption be transferred to Lewis the solicitor representing complainants in making the tender as a security to him for procuring a loan from the bank to aid in making the tender. There is an absence of alleged facts showing that complainants kept the tender good by paying the money into court at the time the bill was filed or a sufficient legal excuse therefor. The allegations of waiver appear to be a mere conclusion of the pleader. This was essential to the equity of the bill to redeem from the foreclosure sale under the statute. Woolen v. Taylor, 248 Ala. 407, 27 So.2d 863.

The bill as last amended alleges that the mortgage was executed in blank and that the description of the property was inserted after its execution and that the description which was inserted included lands of one Doc Large, who was not a party to the mortgage, but it also avers that this irregularity was subsequently rectified by a subsequent agreement.

The bill also alleges "that Doc Large had died before the mortgage was executed, and after the said mortgage was foreclosed, respondent made an adjustment with the widow of Doc Large as to the portion of the land belonging to Doc Large; that subsequent to the said mortgage foreclosure, the land belonging to Doc Large, Lee Woolen, Lee Large and perhaps Marina Woolen was surveyed and determined and respondent conveyed to the widow of Doc Large that portion of the land which belonged to Doc Large and which was erroneously included in said mortgage; * *."

Said bill also alleges that "Complainant and his wife, Pecolia Woolen occupied and lived on the said eighty acres of land as a homestead, its value being less than $2000.00; and on the aforesaid date when the parties met at the place of business of the respondent as aforesaid, Lee Woolen, his wife Pecolia Woolen, Marina Woolen, Lee Large, and H. A. Taylor, the respondent, were present, and no other person was present; that the said note was signed by the parties and the said mortgage was signed by the parties, in blank, as aforesaid, and both the said note and the mortgage was left with the respondent, H. A. Taylor, that the property as aforesaid may be inserted in the said mortgage, and all of the parties departed; that the execution of the mortgage was not acknowledged before a notary public or any other officer, and it was not subsequently acknowledged by any of the contracting parties before any notary public; * * *."

While these allegations by indirection and inference allege that Kathleen T. Moseley, the Notary Public, whose certificates are appended to the mortgage was not present, they do not affirmatively do so, nor do they charge the mortgagee with any sort of fraudulent participation in procuring said acknowledgments. Grider v. American Freehold Land Mortg. Co., 99 Ala. 281, 12 So. 775, 42 Am.St.Rep. 58. Nor do they show that said notary was in any way disqualified or that said acknowledgments were fraudulently certified and when construed most strongly against the pleader are wholly insufficient to impeach the regularity of said acknowledgments as they appear on said mortgage.

"So important is it to the security of titles that reliance may be placed upon the facts stated in a proper certificate of acknowledgment to a conveyance that the law holds the certificate conclusive to establish those facts, subject to impeachment only by proof of fraud or imposition in the pro-

curement of the acknowledgment or conveyance. * * *" Hayes v. Southern Home Building & Loan Ass'n, 124 Ala. 663, 667, 26 So. 527, 529, 82 Am.St.Rep. 216.

See also American Freehold Land Mortgage Co. v. Thornton, 108 Ala. 258, 19 So. 529, 54 Am.St.Rep. 148; Giddens v. Bolling, 99 Ala. 319, 13 So. 511; Walker v. Nicrosi, 135 Ala. 353, 33 So. 161.

It is familiar law that a sale in conformity to and in execution of a power contained in a mortagage is as effectual to cut off and bar the equity of redemption as a decree or foreclosure in a court of equity. It leaves nothing to the mortgagor but the statutory right of redemption. Hunter v. Mellen, 127 Ala. 343, 28 So. 468; 4th Mayfield's Digest, p. 247, para. (b) 2.

The facts alleged in the bill as last amended, when taken most strongly against the pleader, are clearly insufficient to warrant a decree setting a side the foreclosure of the mortgage and in the absence of such decree, the equity of redemption does not and cannot exist. Jones v. Meriwether et al., 203 Ala. 155, 82 So. 185; Irby v. Commercial Nat. Bank, 203 Ala. 228, 82 So. 478.

If the land covered by the mortgage was the homestead of Lee Woolen and Pecolia Woolen, occupied by them at the time of signing the mortgage and the land was not described therein at the time it was signed and there was no acknowledgment before an officer authorized to take such acknowledgments, the mortgage and its foreclosure are void. The complainants' remedy at law was plain and adequate, if they were not in possession of the land at the time of filing the bill. Drum & Ezekiel v. Bryan, 193 Ala. 395, 69 So. 483; Monroe v. Arthur, 126 Ala. 362, 28 So. 476, 85 Am. St.Rep. 36; Liddell v. Carson, 122 Ala. 518, 26 So. 133; Sherrill v. Federal Land Bank of New Orleans, La., 244 Ala. 461, 14 So.2d 361.

Our conclusion is that the bill as last amended is without equity and the respondent's demurrer thereto was properly sustained.

Affirmed.

All the Justices concur.