(134 So. 485)

### LENOIR et al. v. BURNS.

4 Div. 521.

Supreme Court of Alabama.

March 12, 1931.

Rehearing Denied May 21, 1931.

See also 220 Ala. 422, 125 So. 661.

C. B. Fuller, of Opp, for appellants.

A. R. Powell, of Andalusia, for appellee.

THOMAS, J.

The original bill by Effie Burns sought cancellation of a deed and mortgage as a cloud upon her title to real property; the first deed from Cannon to W. C. Lenoir ordered canceled as a cloud on the title of complainant, and the mortgage by complainant, Effie Burns, and husband of date of June 28, 1920, to said Lenoir, was found to have been paid in full. There was answer and cross-bill alleging title in Lenoir, etc. The decree was that of concellation of the mortgage and indorsement thereof on the margin of the record in the office of the judge of probate; hence the appeal.

The record is voluminous and has been carefully considered. There was an agreement between W. C. Lenoir, under whom appellants hold title by descent or devise, and appellee, that the former would furnish money with which to buy the land for appellee; that title be made to her and the money loaned be secured by a mortgage on said lands. The court properly held that a trust resulted, or was raised when deed was made to Lenoir (contrary to the agreement of said parties), rather than to appellee. Burns v. Lenoir, 220 Ala. 422, 125 So. 661; Moss v. Winston, 218 Ala. 364, 118 So. 739, and authorities; Hodges v. Verner, 100 Ala. 612, 13 So. 679; Bates v. Kelly, 80 Ala. 142.

The letter or writing shown by the evidence from Lenoir to Burns was sufficient to meet the requirements of the statute (if such writing was required), as no particular formality was required. Code, § 6917; Wiggs v. Winn, 127 Ala. 621, 29 So. 96; Hodge v. Joy, 207 Ala. 198, 92 So. 171. It is undisputed that Lenoir, appellants' predecessor in title, accepted a mortgage from Burns on the land for the amount of the purchase price, and it was held by the personal representative of said Lenoir, deceased, who sought to foreclose and was prevented by injunction. This action by Lenoir in accepting the mortgage prevented his successors from denying the mortgage, title, or interest of Mrs. Burns in the land. 21 C. J. 1072; Ramsey v. Sibert, 192 Ala. 176, 68 So. 349. The title to the mortgage taken by Lenoir passed to the personal representative subject to estoppel raised by the mortgagee that affected his personal representative's right to collect, etc. Code, §§ 9025, 9026; Bright v. Wynn, 210 Ala. 194, 97 So. 689, if not enjoined.

The insistence of appellant that appellee did not acquire title or interest in the land that was paramount to appellant is not supported by the evidence. The $4,000 mortgage given by her to Mr. Lenoir (after the mortgagor was put into possession by the latter) and held by him and his personal representative after his death, and payments made thereon, support her insistence. The mortgage and debt secured was a sufficient consideration for the second deed to the mortgagor, and the evidence shows that the mortgagor was put into possession by Lenoir. This satisfied the demands of the statute of frauds (Code 1923, § 8034, subsec. 5). That is, the first deed from Cannon to Lenoir, not having been executed and delivered per contract, was torn up by Lenoir and the latter procured a new deed, made by Cannon to the mortgagor pursuant to the agreement of the parties, and thereafter Cannon and Lenoir put appellee in possession, and the latter accepted her mortgage for the purchase price. These acts are binding in a court of equity if Lenoir had held legal title under Cannon's first deed and appellee the equitable title. However, the evidence shows that the mortgagor paid the purchase price and complied with her contract obligation in that behalf, or if mortgagee treated it so paid, her interest ripened into a perfect title, and Lenoir, the mortgagee, or his successors in estate, could not recover against the mortgagor-appellee showing payment or full satisfaction to Lenoir.

The receipts in evidence made out a prima facie case for appellee of acknowledgment of payment or a release or forgiveness of the debt—a gift to appellee of the amount evidenced by the receipts. 12 R. C. L. 944, and authorities; 28 C. J. 667. And such effect of the evidence has not been overcome by appellants.

Testimony was taken pro and con at great length and extending over a period of years, as the record evidences. The appellants had the advantage of a decision on the merits of all asserted defenses; and the facts disclosed by the evidence warranted the relief granted by the trial court—that appellants

were not entitled to relief on their answer and cross-bill. Declarations against interest by W. C. Lenoir denying his right or title and asserting and supporting that of appellee were properly in evidence. Such is the effect of the statements by witnesses Gaskin, Woodham, Weeks, the Mathewses, Reeves, Miller, and Edenfield, who were not shown to be interested in such wise as to disparage their testimony. The deceased had the right to disparage his own interest in the land and to recognize the title or interest of appellee. His statements thereof are supported by other evidence that is convincing. Smith v. Bachus, 195 Ala. 8, 70 So. 261.

It would serve no good purpose to discuss this evidence in detail; evidence which extends over a period of years and bears upon the intimate, and we believe unfortunate, circumstances affecting the happiness of two families. We have dealt sufficiently with the evidence affecting the interest and title to the land. There was no reversible error of the trial court in the decree rendered under the full and respective pleadings—the original and cross bills—and legal evidence offered in support thereof.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.