18 So.2d 260

**MEEKS v. MEEKS.**

**7 Div. 755.**

Supreme Court of Alabama.

May 18, 1944.

Hood, Inzer, Martin & Suttle, of Gadsden, for appellant.

562

Roy D. McCord and Motley & Motley, all of Gadsden, for appellee.

THOMAS, Justice.

The suit is in equity to sell the lands of tenants in common for division. The original bill was filed July 1, 1941.

On January 15, 1943, appellee W. Cleveland Meeks filed an amended bill in which it was averred in substance that: (a) appellee was a son of W. M. and Mary J. Meeks, both deceased, who owned considerable real estate and who died several years before 1927, leaving five children, and grandchildren of one child, which divided their estate into six parts; and that appellee, as one of said children, inherited an undivided one-sixth interest in the property of said Meeks; (b) on January 12, 1927, appellee had become involved in debt in an amount greatly less than the true value of his interest in said estate; that it was agreed between appellee and J. L. Meeks, one of the five children, that appellee should make a deed to said Meeks, conveying all of his interest in his father's estate, the latter to handle and use the same for the purpose of settling with the other heirs, in paying the debts of appellee, saving and preserving appellee's interest in said estate, and after said estate had been settled and appellee's obligations paid out of said estate, said J. L. Meeks was to deed back to appellee the remaining interest he had in said estate. The deed was made on January 12, 1927, and duly filed for record. The consideration named was $20,000 and other valuable considerations. It is further averred that the $20,000 was never paid and the other valuable considerations consisted of the settlement of said estate by J. L. Meeks and the conveyance back to appellee of his remaining interest in said properties; that said deed was never actually delivered to said J. L. Meeks, but remained at all times in possession of appellee, save the period of time it was lodged with the judge of probate to be recorded in the office of the judge of probate. (c) After said January 12, 1927, J. L. Meeks managed said property, sold, mortgaged or conveyed certain portions thereof and out of the proceeds of said sale settled with three of the heirs of said estate; that the debts of appellee

were paid and his interest preserved in said properties indicated in the pleading. (d) The said J. L. Meeks acknowledged the agreement he had made with appellee, on January 12, 1927, and that during the month of April, 1939, made, executed and delivered to appellee an instrument in writing, signed by J. L. Meeks and witnessed by Charles E. Meeks, Sr., in which the said J. L. Meeks agreed to deed to appellee a one-third interest in the remainder of said property after settlement of said estate of W. M. Meeks.

The amended bill also avers that by said written instrument a trust was created under Title 47, § 149, Code 1940, for appellee. It is further averred that said instrument has been lost or destroyed, and that (e) J. L. Meeks (the husband of appellant) died on March 21, 1941; that said property was in possession of his widow, appellant here, who on demand failed and refused to acknowledge said trust, and to make a deed to appellee of the one-third interest in the remaining property of the said W. M. Meeks; that appellant—respondent in the bill and as amended was claiming said property free from any trust, and that at the time appellant took possession, or claimed ownership of said property as hers, she had knowledge of the trust in said lands belonging to appellee.

Appellant demurred to the bill as last amended, some of the grounds of demurrer raising the questions, that (1) appellee was not a tenant-in-common with appellant; appellee was undertaking to enforce an alleged oral trust in lands; (3) appellee was estopped from questioning the validity of the deed made by him to J. L. Meeks; (4) it appeared from his pleading that appellee had been guilty of laches in asserting his interest in said properties; and that (5) the bill, as last amended, was without equity.

The trial court overruled the demurrer and put appellant to her answer, the final decree being in favor of appellee for one-third interest in the properties, and directing a sale of the lands in question for division among the joint owners.

Laches is insisted upon in demurrer and by the facts because appellee waited some fourteen and one-half years, after the execution of said deed of January 12, 1927; three and one-half or four months subsequent to the death of said J. L. Meeks (the brother of appellee and husband of grantor of appellant), and more than five years subsequent to the division of said estate of W. M. Meeks amongst the several heirs, and to the day appellant had advertised the properties in question for sale, before filing his original bill in this case on July 1, 1941. The rule of laches is well understood, need not be repeated and was lately applied in Thompson v. Suttle, 244 Ala. 687, 15 So.2d 590.

The distinction between constructive and resulting trusts in lands is stated in our decisions. Lenoir v. Burns, 223 Ala. 101, 134 So. 485; Gandy v. Hagler, Ala.Sup., 16 So.2d 305;[1] Haney v. Legg, 129 Ala. 619, 30 So. 34, 87 Am.St.Rep. 81; De Freese v. Vanderford, 220 Ala. 360, 125 So. 228.

In Rudulph v. Burgin, 219 Ala. 461, 122 So. 432, 434, Mr. Justice Sayre, speaking for the court, observed: " '* * * The trust arises by operation of law, and may be proved by parol, without offending the statute of frauds, which extends to and embraces only trusts created or declared by the parties, or the rule that a written instrument may not be contradicted, varied, or altered by parol. Lee v. Browder, 51 Ala. 288. The distinction between such cases as Patton v. Beecher, 62 Ala. 579, and Brock v. Brock, 90 Ala. 86, 8 So. 11, 9 L.R.A. 287, where it was held that the mere parol promise by the grantee in a deed, absolute on its face, to hold for the use of the grantor, will not take the conveyance out of the statute, and the case here under consideration, is pointed out in Long v. Mechem, 142 Ala. [405] 412 [38 So. 362]. The principles are abundantly sustained by the decisions of this court. Harden v. Darwin, 66 Ala. 55; Lehman v. Lewis, 62 Ala. 129; Bibb v. Hunter, 79 Ala. 351; Heflin v. Heflin, 208 Ala. 69, 93 So. 719. * * *' "

See Thompson v. Suttle, 244 Ala. 687, 15 So.2d 590, dealing with the statute of fraud and description of deception that lulled the party to inaction.

In Gayle v. Pennington, 185 Ala. 53, 64 So. 572, it is declared that a bill may be challenged by demurrer as to the sufficiency of the pleading with reference to undisclosed delay in asserting and enforcing a right under a trust. And that rule is stated in Haney v. Legg, 129 Ala. 619, 30 So. 34, 87 Am.St.Rep. 81, as follows:

---

[1] Ante, p. 167.

"The staleness of demand by laches in the establishment of a right is founded upon acquiescence in the assertion of adverse right, and unreasonable delay on the part of the real owner in asserting his right, to the prejudice of the adverse party; and on a bill filed by a wife to enforce a resulting trust in lands purchased by the husband with the complainant's money, and to which a deed was taken in his own name, where it is averred that the complainant had no knowledge that the deed was made to her husband, that he never asserted any ownership of the land, but recognized her separate right and admitted her ownership, such complainant cannot be charged with laches in enforcing her equity, nor can she be charged with negligence in not inspecting the record of the conveyance for the purpose of ascertaining to whom it was made."

The facts of the instant case may be stated as follows: One W. M. Meeks died in Etowah County many years ago, leaving considerable estate, which, under the terms of his will, went to his children (five sons and one daughter). Each of the sons took an undivided one-sixth interest, and the children of the deceased daughter Nell McGlathery took jointly an undivided one-sixth interest. There were many parcels of the property of the estate of which the property involved in this suit is a small part.

W. Cleveland Meeks, appellee, who had acquired an undivided one-sixth interest in his father's estate, for the recited consideration of "Twenty Thousand Dollars and other good and valuable consideration," conveyed his interest in the estate to his brother J. L. Meeks, by a deed of date of January 12, 1927, and which deed was duly recorded. After the conveyance had been made, J. L. Meeks and the other owners of the properties of the estate, for the purpose of paying debts, constructing a building, and remodeling another building, obtained a loan from one C. E. Snead in the sum of $86,298.74, and gave a mortgage on all the properties of said estate. The appellee (Cleveland) did not join, having theretofore conveyed his interest in the estate to the said brother. This mortgage was of date of May 1, 1934, and was duly recorded.

Under date of April 22, 1936, the joint owners of these properties conveyed a large portion of said mortgaged properties for the recited consideration of $91,- 000 to C. E. Snead (the mortgagee) in payment of said mortgage. This conveyance was duly recorded and the appellee (W. Cleveland) did not join in this satisfaction deed of the mortgage that the several joint owners made to Mr. Snead.

On the same date and after the deed (satisfying the mortgage) had been made to Snead, and in order to effectuate a division of the further estate, all the remaining properties were conveyed by the then owners, pursuant to a family agreement and settlement, as follows:

1. A deed to Mrs. Dean, daughter of Charles E. Meeks, which the reporter will set out. The other deeds are of like tenor except the necessary change of parties and descriptions of the several properties conveyed.

2. A deed to Warren Meeks, dated April 22, 1936.

3. A deed to Joseph McGlathery, dated April 22, 1936.

4. A deed to Joseph McGlathery, dated April 22, 1936.

5. Herbert Meeks received a money settlement.

All the joint owners of the property who executed to Snead the mortgage and deed and the several grantors just recited joined in these conveyances except the appellee W. Cleveland Meeks, for, as the record shows, more than nine years before that time, he had made a conveyance of his interest in the properties to J. L. Meeks, as we have indicated.

Under date of June 10, 1936, Joseph McGlathery deeded certain of the property conveyed to him on April 22, 1936, by the several joint owners and duly recorded, involved in this suit, to appellant Lois Meeks. The recited consideration of the instant McGlathery deed was $10,000. Mrs. Lois Meeks, in her testimony, indicated that this was for the support and education of the McGlathery children for about eight years. Appellant under her deed from McGlathery went into possession of said properties and maintained the same to the time this bill was filed and heard by the court.

In Betts v. Ward, 196 Ala. 248, 72 So. 110, it is declared that family agreements of partition of properties held as joint owners or tenants in common, followed by uninterrupted enjoyment for a considerable time of the respective portions allotted, with a full understanding of

the facts, though not for the period of the statute of limitation to ripen into title by virtue of the statute, will be binding upon the parties. Such partition will be given effect or enforced in a court of equity in the absence of fraud. Weir v. Partridge, 240 Ala. 342, 199 So. 242; Watt v. Lee, 238 Ala. 451, 191 So. 628; Childs v. Julian, 241 Ala. 249, 252, 2 So.2d 453, and authorities cited of the English Court; 133 A.L.R. pp. 492–500.

Appellee states that he had never told appellant that he was claiming an interest until she was about to make a sale in July, 1941, just about the time he filed his bill. This was more than fourteen years from the time he had conveyed his interest to the brother and husband of appellant. He had sat idly by while the properties of the estate were repaired; new buildings constructed; all the properties mortgaged; and a large part thereof conveyed to mortgagee in satisfaction of the mortgage; divided among the other heirs of Mr. Meeks, and a family settlement made. This delay of appellee makes the claim by his bill subject to the rule of laches. He claims that he has a one-third interest in that portion of the property conveyed by the division deeds to Joseph McGlathery, and later conveyed by him to appellant for a valuable consideration recited in the conveyance and supported by the evidence. This lack of notice is shown by appellant's evidence and by appellee's letters to her husband (trying to repurchase the interest or land). This lack of notice is further shown by the letters of his wife to the brother in question.

Appellee, not denying that he made and delivered the deed to J. L. Meeks in 1927, bases his suit on an alleged written agreement, which he states was made by J. L. Meeks touching the lands he had conveyed to his wife, *and which written agreement he says has been lost*. Charles E. Meeks, the witness for appellee, says he was present when the agreement was made and that its content was as follows: "I, J. L. Meeks, hereby certify that W. C. Meeks has a 1/3 interest in the remaining lands of the W. M. and Mary J. Meeks estate as per agreement agreed upon. This is —— and I will make a settlement with him for this third interest. This is also to certify that I have no claim on this third interest."

Appellee swore when he first testified that he had in his possession the written agreement and would produce the same in court. This he has failed to do. He swore that he, Charles E. Meeks, and J. L. Meeks were present when the agreement was made and executed; that J. L. Meeks signed the agreement and that he, appellee, did not sign it; and that he does not remember the date of its execution. On his second cross-examination, and after Charles E. Meeks had testified in Florida that E. T. Hollingsworth was present when the agreement was signed, the appellee testified that Hollingsworth was present, and that he just did not want to state that fact in his first examination.

As to appellee's recollection of the date of said alleged agreement, it should be noted that he testified:

"Q. You don't know when that paper was signed? A. I reckon I got as much sense as you have; I reckon I would know.

"Q. Was that paper signed in 1939? A. I don't know what date.

"Q. Was that paper signed prior to 1936? A. I don't know about the date. I am not going to state something that I don't know what I am talking about.

"Q. Was it signed after 1936? A. I wouldn't say. * * *"

Charles E. Meeks further testified that the alleged agreement was signed by J. L. Meeks in April, 1939, and after the estate had been settled in 1936. He was sure of the date for the reason that was when their brother Warren died. He admitted that in April, 1939, J. L. Meeks did not have interest in the estate when the division deeds were made on April 22, 1936. According to his testimony on second examination, however, the alleged agreement was signed in April, 1936, in the afternoon of the day when the division deeds had been signed in the morning. The apparent uncertainty of this witness is shown by the fact that he could not fix the date, whether in 1939, or in 1936, that the last agreement declared upon was signed.

We have indicated that J. L. Meeks, husband of Lois Meeks, the appellant, died March 21, 1941, and that E. T. Hollingsworth is also dead, and the agreement in question could not be found among the papers of Hollingsworth, appellee, or appellant's husband. This suit was not filed, and no claim made by appellee as to the alleged agreement, until after the deaths of these two men. Charles E. Meeks, Herbert Meeks and the wife of W. M. Meeks

were the executors of the estate of W. M. Meeks, according to the testimony of Charles E. Meeks, and that witness stated he was selected by the other two to look after the business. It was agreed in open court that J. L. Meeks was never administrator or executor of his father's estate. The testimony of appellant Lois Meeks, as to the time appellee first told her of his claim, is as follows:

"Q. You have heretofore stated that the property involved in this suit was conveyed to you by Jos. McGlathery? A. Yes.

"Q. That was back about 1936 was it not? A. I think so.

"Q. Mr. Cleveland Meeks did not claim any interest in the property at that time, did he? A. No sir."

She further testified as to possession and rents as follows:

"Q. After your husband died, you had Mr. Cleveland Meeks collect the rents for awhile, didn't you? A. Yes sir. (This was the appellee and complainant in the bill).

"Q. When you made that arrangement, did he say anything about owning any interest in the property? A. No, he did not.

"Q. When you turned the collection of those rents over to Stringer Realty Co., did Mr. Cleveland Meeks say anything about having any interest in the property? A. He did not.

"Q. How long was that before the suit was filed? A. About a month.

"Q. Had you ever heard, before this suit was filed, about an alleged agreement signed by J. L. Meeks whereby he agreed to deed an interest in the remaining property to Cleveland Meeks? A. No, I hadn't.

"Q. You state that neither Cleveland Meeks nor Florence Meeks (his wife) nor anyone else ever mentioned such an agreement to you, prior to the time the suit was filed? A. They never have." [Parenthesis supplied.]

The evidence of the wife of appellee was to the contrary. Charles E. Meeks, a witness for appellee, testified as follows:

"Q. You say you commenced collecting rents for the Meeks' estate in 1927 and continued until 1936? A. I collected the rents from the time my father died up til the time the estate was partially settled,

except when I was sick in Chattanooga, Tenn., about two months.

"Q. You state the estate was settled in April, 1936? A. Yes sir, partially settled.

"Q. From 1937 as long as you made the collections, you *turned over to J. L. Meeks his share of the rents that he inherited from his father and mother and also the share that Cleveland would have received had he not made the deed to J. L. Meeks?* A. Yes sir, * * *.

"Q. During those years you paid to J. L. Meeks what W. C. (appellee) would have received had he not made the deed in 1927? A. Yes sir.

"Q. You continued that practice so long as you handled the collections? A. Yes sir.

"Q. In other words, at the time that all of you people made the division deeds in 1936, you didn't know that Cleveland was claiming any interest in those properties? A. No, he never did say anything to me about it." [Italics and parenthesis supplied.]

As to this W. Cleveland Meeks, the appellee, testified:

"Q. Have you ever told her you wanted a third of the rent? (Referring to appellant). A. No sir.

"Q. You never told her you were claiming a third of the property? A. The *only time was when she was fixing to have the sale. I wanted her to settle with me—* that's the only time I ever made a demand on her.

"Q. That was just a few days before you filed the suit? A. Yes sir, approximately five days.

"Q. That was about July 1st, 1941? A. Yes." [Italics and parenthesis supplied.]

It is without question that appellee waited from January, 1927, when he made his deed to J. L. Meeks; and from April 22, 1936, the date of the alleged agreement, until July 1, 1941, when appellant was about to sell her property, before he asserted his claim and notified appellant he was claiming the interest in question. That is, appellee claims an interest in the property by reason of the alleged written agreement made, according to his witness Charles E. Meeks, on the afternoon of April 22, 1936. Yet appellee was trying to buy the property conveyed to and by Mc-

Glathery to J. L. Meeks, on October 9, 1939.

He again tried to buy the property on February 8, 1940. The reporter will set out these letters, confirming appellant's evidence and rebutting the existence of the trust now asserted by his amended bill. Wiggs v. Winn, 127 Ala. 621, 29 So. 96; Deming v. Lee, 174 Ala. 410, 56 So. 921; Lenior v. Burns, 223 Ala. 101, 134 So. 485.

There are no sufficient facts pleaded and shown which would excuse appellee for this long deferred action to enforce the alleged trust agreement of which he, his wife and his brother testified, until after the death of appellant's husband and of the alleged witness Hollingsworth. The alleged agreement is not before the court. The rule of laches is well understood and stated on authorities by this court in 21 Corpus Juris, p. 210, § 211, as follows:

"Laches in a general sense is the neglect, for an unreasonable and unexplained length of time, under circumstances permitting diligence, to do what in law should have been done. More specifically, it is inexcusable delay in asserting a right; an implied waiver arising from knowledge of existing conditions and an acquiescence in them; such neglect to assert a right as, taken in conjunction with lapse of time more or less great, and other circumstances causing prejudice to an adverse party, operates as a bar in a court of equity; [Montgomery Light Co. v. Lahey, 121 Ala. 131, 136, 25 So. 1006]. * * *

"A stale demand or claim in its proper sense is one that has for a long time remained unasserted; one that is first asserted after an unexplained delay of such great length as to render it difficult or impossible for the court to ascertain the truth of the matters in controversy and do justice between the parties, or as to create a presumption against the existence or validity of the claim, or a presumption that it has been abandoned or satisfied. [Cole v. Birmingham Union R. Co., 143 Ala. 427, 39 So. 403; Ashurst v. Peck, 101 Ala. 499, 14 So. 541]. * * *

"212. B. As Constituting a Defense. In General. It is inherent doctrine of equity jurisdiction that nothing less than conscience, good faith, and reasonable diligence can call courts of equity into activity, and that they will not grant aid to a litigant who has negligently slept on his rights and suffered his demand to become stale where injustice would be done by granting the relief asked. It is therefore a general rule that laches or staleness of demand constitutes a defense to the enforcement of the right or demand so neglected. [Gayle v. Pennington, 185 Ala. (53), 58, 64 So. 572; Walshe v. Dwight Mfg. Co., 178 Ala. 310, 59 So. 630; Alabama Coal, etc., Co. v. Gulf Coal, etc., Co., 171 Ala. 544, 550, 54 So. 685 (quot Cyc); Espy v. Comer, 76 Ala. 501; Abernathy v. Moses, 73 Ala. 381; Johnson v. Johnson, 5 Ala. 90]. * * * The doctrine is based in part on the injustice that might result from the enforcement of long neglected rights, and the difficulty, if not the impossibility, of ascertaining the truth of the matters in controversy and doing justice between the parties, and in part on grounds of public policy, its aim being the discouragement, for the peace and repose of society, of stale and antiquated demands. [Johnson v. Toulmin, 18 Ala. 50, 52 Am.Dec. 212]. The rule that the enforcement of a right may be barred by laches is an application of the maxims, vigilantibus, non dormientibus, subveniunt leges, he who seeks equity must do equity, and he who comes into equity must come with clean hands. [Montgomery Light, etc. Co. v. Lahey, 121 Ala. 131, 25 So. 1006]. * * *

"215. * * * Generally speaking plaintiff is barred from relief by the laches of one with whom he stands in privity, as a grantee by the laches of his grantor, an assignee by that of his assignor, a personal representative by that of the decedent, and joint tenants by that of one of their number. [Alabama Coal, etc., v. Gulf Coal, etc., 171 Ala. 544, 550, 54 So. 685. * * * James v. James, 55 Ala. 525]." [Brackets supplied from citations of text.] See also 30 C. J. S., Equity, § 112, 113.

A court of equity will not give force and effect to the appellee's claim when death has removed from the scene and closed the lips of the two important witnesses to the transactions so vital to appellant, widow, and owner of the lands. Thompson v. Suttle, 244 Ala. 687, 15 So. 2d 590.

The decree of the circuit court being in error is reversed and one rendered here for appellant Lois E. Meeks for the lands in question, and dismissing the bill and as amended.

Reversed and rendered.

GARDNER, C. J., and BROWN, FOSTER, LIVINGSTON, and STAKELY, JJ., concur.

