37 So.2d 914

**MEEKS v. MEEKS.**

7 D.**.** 931.

Supreme Court of Alabama.

Nov. 12, 1948.

Rehearing Denied Dec. 16, 1948.

436

Motley & Motley, of Gadsden, for appellant.

Hood, Inzzer, Martin & Suttle, of Gadsden, for appellee.

SIMPSON, Justice.

Appellant, the plaintiff, seeks to enforce against appellee an equitable vendor's lien on the lands described in the bill. Appellee has been the record owner of the property since 1936.

For the first appeal of this case, affirming the decree of the trial court sustaining demurrer to the bill for certain defects noted, see Meeks v. Meeks, 247 Ala. 606, 25 So.2d 668. The present appeal is from a decree on the merits after remandment and amendment of the original bill, wherein the trial court denied the relief prayed for and dismissed the bill.

The appellant's claim for a vendor's lien rests on an alleged transaction with his deceased brother, J. L. Meeks, the late husband of appellee, to wit: On January 12, 1927, appellant and his wife executed and delivered a deed to the lands described in the bill to J. L. Meeks for a recited consideration of $20,000 and other valauable consideration. Appellant claims that the consideration for the conveyance was $20,000 to be paid in cash and the grantee to pay all the outstanding indebtedness of the said W. C. Meeks; that the consideration was never paid, although certain payments were made by the said grantee from time to time during the intervening years prior to his death in 1941. (It would seem from the evidence that the last payment appellant claims was made to him was in 1937.)

The original interest of appellant in the lands described, being an undivided one-sixth interest, came from his father, W. M. Meeks, who died many years ago, leaving a considerable estate in lands situated in

Etowah County. The said W. M. Meeks at his death left six children who, by his last will and testament, were devised all of his land subject to the life estate of his widow, who died many years before the institution of this suit. In 1936 in order to effectuate a division of the estate lands, all of the joint owners except appellant who, as stated, had theretofore in 1927 conveyed his interest to J. L., made a family settlement by which, among other partition deeds, certain specific parcels of property were set apart as the share of a deceased daughter of testator, Nell McGlathery, and deeded to one of her sons, Joseph McGlathery. Thereafter in the same year (1936) McGlathery, for the recited consideration of $10,000, deeded the property to appellee, Lois E. Meeks. Both of these deeds were promptly and duly recorded. It appears that the real consideration of the McGlathery conveyance to appellee was the support and education of the McGlathery children, including Joseph, who lived in the home of appellee and her husband for a great many years and were cared for, supported, and educated as her own children. Under this deed from McGlathery the appellee went into possession of the property, maintained it, kept the buildings located thereon in repair, and enjoyed the income therefrom to the time this suit was filed, March 23, 1945. There are many other tracts of land described in the bill which, theretofore, had long ago been acquired by various and sundry individuals and corporations who have not been made parties to the bill, but the only Meeks estate property appellee owns or ever owned is the property conveyed to her by the McGlathery deed, and this is conceded by appellant. So, in effect, this suit is to enforce against her the vendor's lien on said property although the bill ineptly sets out the entire estate property.

 Appellant in order to avoid the rule of innocent purchasers, contends that both the partition and McGlathery deeds were voluntary and received by the respective grantees with notice of his claim, thereby entitling him to enforce his alleged vendor's lien. We do not think he has sufficiently proved such a contention, but we will not rest decision here, alone.

 From the evidence it is difficult for the impartial mind to determine with any degree of accurateness what might have been the situation with reference to these two brothers more than eighteen years before the bill was filed and thereafter during the lifetime of J. L. Meeks. So without considering any of the other defenses interposed, we are clear to the conclusion that laches stands in the way of relief. The rule of laches is the application of the maxims that he who seeks equity must do equity and he who comes into equity must come with clean hands. Where, as here, by reason of the long delay of the appellant in asserting his claim, the condition of the parties with reference to the property having changed to the prejudice of the defendant, death having removed from the scene the most important adversary witness to the alleged transaction, the husband of appellee, and the attendant impossibility of ascertaining the truth of the matters in controversy and doing justice between the parties, it would be inequitable to entertain the bill. "To bring the rule into operation, it is not necessary that the court should be convinced that the original claim was unjust or has been satisfied; it is sufficient if the court believes that under the circumstances it is too late to ascertain the merits of the controversy." 30 C.J.S., Equity, § 119, p. 543.

The principle is well sustained by our own cases. See Meeks v. Meeks, 245 Ala. 559, 18 So.2d 260; Bromberg v. First National Bank, 235 Ala. 226, 178 So. 48; Oxford v. Estes, 229 Ala. 606, 158 So. 534; Courson v. Tollison, 226 Ala. 530, 147 So. 635; Salvo v. Coursey, 220 Ala. 300, 124 So. 874; Chavers v. Mayo, 202 Ala. 128, 79 So. 594.

It is appropriate here to refer to the above-cited Meeks case reported in 245 Ala. 559, 18 So 2d 260. When the instant bill was filed previous litigation had been transacted between these same parties involving the property McGlathery deeded to appellee, in which, by that litigation appellant claimed a one-third interest under an alleged agreement between his brother, J. L., and himself made in 1936. This previous litigation finally resulted in a decree rendered by this court May 18, 1944, determining that laches had barred the appellant's right of recovery. That case contained a complete statement and analysis

of the evidence, together with the applicable law, and for a fuller understanding reference may be had thereto.

In that opinion by the late Justice Thomas, it was there pointed out:

" * * * appellee [W. C. Meeks] waited from January, 1927, when he made his deed to J. L. Meeks; and from April 22, 1936, the date of the alleged agreement [basis of the suit], until July 1, 1941, when appellant was about to sell her property, before he asserted his claim and notified appellant he was claiming the interest in question. That is, appellee claims an interest in the property by reason of the alleged written agreement made, according to his witness Charles E. Meeks, on the afternoon of April 22, 1936. Yet appellee was trying to buy the property conveyed to and by McGlathery to J. L. Meeks, on October 9, 1939.

"He again tried to buy the property on February 8, 1940 * * *." 245 Ala. at pages 566, 567, 18 So.2d at page 266.

"Appellee states that he had never told appellant that he was claiming an interest until she was about to make a sale in July, 1941, just about the time he filed his bill. This was more than fourteen years from the time he had conveyed his interest to the brother and husband of appellant. He had sat idly by while the properties of the estate were repaired; new buildings constructed; all the properties mortgaged; and a large part thereof conveyed to mortgagee in satisfaction of the mortgage; divided among the other heirs of Mr. Meeks, and a family settlement made. *This delay of appellee makes the claim by his bill subject to the rule of laches.*" (Emphasis ours.) 245 Ala. at page 565, 18 So.2d at page 264.

What was said there is likewise applicable here and the law of that case is here controlling and clearly exemplifies the principle which bars relief. The claim for relief in the case in hand is rested on the same facts as in the former case except there appellant (appellee then) was asserting a right to a one-third interest in the properties conveyed by McGlathery to appellee under the alleged agreement with his brother, and now he is asserting that the consideration expressed in his 1927 deed to his brother was never paid. The essential facts which would lead to a recovery in either case are practically the same, and the rule of laches drawn into question in the former case to preclude relief likewise stands in the way of relief in the instant case. But more certainly here for, rather than a delay of more than fourteen years, now we have a delay of more than eighteen years before the assertion of his claim, with the added weakness of various inconsistencies and contradictions in the evidence which manifestly inhere in an attempt to alter the system of recovery under practically the same state of facts.

We entertain the view that the trial court soundly decreed in dismissing the bill.

Affirmed.

BROWN, LIVINGSTON and STAKELY, JJ., concur.

On Rehearing

SIMPSON, Justice.

It is true, as argued by counsel on rehearing, that the equitable remedy to enforce a vendor's lien is not barred, as a stale demand, until the expiration of twenty years after the purchase money became due. Shorter v. Frazer, 64 Ala. 74, 80; Beall v. Folmar, 199 Ala. 596, 75 So. 172.

This period of limitation, however, is prescriptive, created by the chancery court as a rule of repose. And this court, while giving full recognition to the rule in the decided cases, observed in Lindsey v. Thornton, 234 Ala. 109, 112, 113, 173 So. 500, 503, that there might be "special circumstances shortening the period."

One such special circumstance would be laches where, from the delay on the part of the claimant to assert his rights, it would be inequitable for equity to entertain the suit.

In canvassing the applicability of the two doctrines—laches and prescription—and noting that, though the twenty years may not have expired for the assertion of a contended right, it was pointed out in Courson et al. v. Tollison, 226 Ala. 530, 533, 147 So. 635, 637, that in a proper case, laches would preclude equitable relief. It was there said:

" * * * But, though 20 years may have not expired, a claim will not be en-

forced in equity due to laches 'where, from delay, any conclusion the court may arrive at must at best be conjectural, and the original transactions have become so obscured by lapse of time, loss of evidence, and death of parties as to render it difficult. if not impossible, to do justice, the plaintiff will by his laches be precluded from relief; * * *.' "

It was on this theory that we thought, and still think, relief should be denied in the instant case. The insurmountable difficulties with the appellant's position are the uncertain and unsatisfactory state of the evidence adduced to establish the fact that there was such a lien; appellant's failure to show that appellee, who had already paid the consideration for the conveyance of the property to her, was not an innocent purchaser; and the duplicitous attitude of appellant, taken after his brother had died, in first attacking the appellee's title to the property under an alleged written agreement between his brother and himself (first Meeks case) and then losing that case, after the lapse of eighteen years from the alleged original transaction, asserting an altogether different theory of recovery. Without going into the question of the legal effect of such inconsistent positions, they must weigh strongly with the judicial mind against stamping verity to such a claim and serve to illustrate the soundness of applying laches in refusing relief.

Opinion extended and rehearing denied.

BROWN, LIVINGSTON, and STAKELY, JJ., concur.