HOLMES, Judge.
This is a divorce case.
The wife filed a petition in the Jefferson County Circuit Court for the issuance of a rule nisi to the husband due to his failure to make payments required by the parties’ third divorce decree. The trial court ruled in the wife’s favor, holding the husband in contempt and ordering him to pay $1,350 in arrearages owed the wife under the decree, plus her attorney’s fee. The husband appeals. We affirm.
The parties were first married in 1956. One child was born during that marriage, and the parties were divorced in Jefferson County in 1960. Subsequently, they remarried, but were again divorced in November 1963 by the Etowah County Circuit Court, the wife having moved to Gadsden.
In the trial of the present case the wife testified that she was not aware until sometime later that this second divorce had become final. This fact would tend to explain why in July 1964 the wife filed in Jefferson County a complaint for a third divorce. The husband, perhaps also unaware that the second divorce had become final, answered the complaint and entered into an agreement with the wife, which was incorporated into the divorce decree. Under the terms of the agreement, the husband was required to pay $100 a month “for the support of [the wife] and the minor child.”
It was this provision of the agreement, incorporated into the divorce decree, for which the husband was found in contempt in this case. The husband made the required monthly payments for approximately eighteen years until he stopped making them in October 1982.
The husband argues that the trial court erred in finding him in contempt of the third divorce decree because that decree is void. The husband claims that, because the parties had been divorced in November 1963 (the second divorce decree) by the Etowah County Circuit Court, the Jefferson County Circuit Court had no jurisdiction to again divorce them in 1964, the parties not having been legally remarried.
Apparently, there was cohabitation by the parties to some degree following the second divorce, and the wife has made some rather vague claims that the parties entered into a common law marriage subsequent to the second divorce, which served as the basis for the granting of the third divorce.
We need not determine whether a common law marriage did in fact exist because the husband is not entitled to deny the validity of the third divorce due to his own lack of diligence with regard to that divorce decree.
Laches is an equitable doctrine designed to prevent unfairness caused by a party’s delay in asserting a claim or failure to do something which equity would have required them to do. See Equal Employment Opportunity Commission v. Dresser Industries, Inc., 668 F.2d 1199 (11th Cir.1982); Sims v. Lewis, 374 So.2d 298 (Ala.1979).
When the wife filed her complaint for a third divorce in July 1964, she alleged that she and the husband were married to each other in approximately October 1963 (one month prior to the second divorce) and that they lived together thereafter as man and wife until approximately July 1964 when they separated. Rather than questioning whether he was still married to the wife, the husband answered the complaint and admitted that her allegation of marriage was true. The husband further voluntarily entered into the agreement with the wife which required him to pay to her $100 a month and was incorporated into the third divorce decree. Thereafter, the hus *1152 band sat on his rights for approximately the next eighteen years as he made the $100 monthly payments to the wife, thereby implicitly recognizing the validity of the divorce decree.
Under these circumstances, the husband is clearly guilty of laches and cannot now deny the validity of the third divorce decree, which was based upon the wife’s allegations of marriage with which the husband agreed. Multer v. Multer, 280 Ala. 458, 195 So.2d 105 (1966); Lutsky v. Lutsky, 279 Ala. 185, 183 So.2d 782, cert. denied, 385 U.S. 952, 87 S.Ct. 335, 17 L.Ed.2d 231 (1966). Cf McSween v. McSween, 366 So.2d 293 (Ala.Civ.App.1979).
The husband also claims on appeal that the trial court abused its discretion in calculating the arrearage owed to the wife under the divorce decree since October 1982. The husband claims that he was entitled to credit for the “excess payments” he made to the wife, i.e., those payments made after October 1977, when the parties’ child reached the age of majority-
The award of alimony is committed to the discretion of the trial court, and its determination in that regard will not be reversed, absent a showing that it has abused its discretion. Stricklin v. Stricklin, 456 So.2d 809 (Ala.Civ.App.1984); Kyser v. Kyser, 456 So.2d 816 (Ala.Civ.App.1984); Abrell v. Abrell, 454 So.2d 1024 (Ala.Civ.App.1984).
No abuse of the trial court’s discretion is shown by its failure to give the husband credit against the arrearage owed for his so-called “excess payments.” The husband testified that he voluntarily made such payments between October 1977 and October 1982 out of love and affection for his daughter. Having done so, the husband cannot now argue that the trial court was required to credit him with those payments in determining the arrearage due the wife since October 1982.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J„ concur.