Stephen and Phyllis MacWillie appeal from a summary judgment for the defendant, Southeast Alabama Gas District ("Gas District"), in the MacWillies' trespass action. The MacWillies claim that the *Page 246 
Gas District trespassed when it mistakenly installed and subsequently maintained a natural gas transmission pipeline on their property. The Gas District argues that summary judgment was proper because it had acquired an easement by prescription across the MacWillies' land and because the MacWillies' trespass action was barred by the statute of limitations. We reverse and remand.
In 1955, the Gas District obtained a right-of-way in Enterprise, Alabama, across the land of J.E. Morgan. The right-of-way was granted by the Probate Court of Coffee County in a condemnation action filed by the Gas District. Damages of $2,500 were assessed against the Gas District.
Pursuant to the ruling of the probate court, the Gas District installed a pipeline across Morgan's property in 1955, and immediately put the pipeline into operation. Morgan and his wife executed a right-of-way easement in favor of the Gas District on September 4, 1956, and the easement was recorded in the Coffee County Probate Court.
In 1978, Morgan filed a subdivision plat of his property in the Coffee County Probate Court. The MacWillies purchased Lot 10, Block G, of this subdivision on June 25, 1985. After they purchased the lot, they discovered that the gas pipeline was installed approximately 11 feet outside the eastern boundary of the Gas District's easement for a distance of around 130 yards, and that the portion of the pipeline installed outside the boundary of the easement ran on their lot.
On December 20, 1985, the MacWillies filed this action against the Gas District. The complaint asked the court to establish the correct boundary line between the MacWillies and the Gas District, and to award compensatory and punitive damages for the alleged trespass by the Gas District. In November 1987, the Gas District voluntarily capped the portion of its pipeline that crossed the MacWillies' property and relaid it within the easement described in the 1956 instrument from the Morgans.
Also in November 1987, the Gas District moved for summary judgment in the trespass action. The Gas District argued that there had been no trespass because it had acquired an easement by prescription across the plaintiffs' land. In its motion for summary judgment, the Gas District claimed that its gas line "has been in place for more than twenty years preceding the filing of the Plaintiffs' complaint and the Defendant has been in open, notorious, and hostile possession of its easement throughout that period of time with notice to the Plaintiffs and their predecessors in title." Accompanying this motion for summary judgment were affidavits of two Southeast Alabama Gas District employees. These affidavits contained statements by the employees that the pipeline had been in place and in operation since 1956, and that the pipeline had been marked in accordance with state and federal regulations regarding such markings since its installation.
The MacWillies responded to the motion for summary judgment, and now argue on appeal, that the Gas District failed to prove that it had acquired an easement by prescription. They maintain that there was no evidence that the presence of the pipeline on the land for over twenty years was open, notorious, and adverse. The pipeline, the MacWillies claim, was concealed underground since 1955, and there was no proof, they assert, that either they or their predecessors in interest ever had actual or constructive knowledge that the pipeline was not installed within the easement. The Gas District responds that there was sufficient evidence to prove that it had obtained an easement by prescription. Also, the defendant argues that the MacWillies' trespass action is barred by the statute of limitations.
In Bull v. Salsman, 435 So.2d 27, 29 (Ala. 1983), we discussed the elements of proving an easement by prescription:
 "[T]o establish an easement by prescription, the claimant must use the premises over which the easement is claimed for a period of twenty years or more, adversely to the owner of the premises, under claim of right, exclusive, continuous, and uninterrupted, with actual or presumptive knowledge of the owner. The presumption *Page 247 
is that the use is permissive, and the claimant has the burden of proving that the use was adverse to the owner."
See Cotton v. May, 293 Ala. 212, 301 So.2d 168 (1974); Belcherv. Belcher, 284 Ala. 254, 224 So.2d 613 (1969); West v. West,252 Ala. 296, 40 So.2d 873 (1949). At issue in the present case is whether the Gas District has proved that the MacWillies or the prior owners had actual or presumptive knowledge that the gas pipeline had been installed on their land and that the use of the property was adverse. The Gas District argues that the gas pipeline was marked according to federal and state regulations, and that these markings are sufficient evidence from which to infer that the owners of the land knew or should have known that the gas pipeline crossed their property.
The MacWillies contend that the Gas District proffered no evidence of actual or presumptive knowledge of the pipeline by them or the prior owners. They argue that because the pipeline was concealed underground, any inference of actual or presumptive knowledge is speculative. The MacWillies argue furthermore that the Gas District failed to produce any evidence that the use was adverse, rather than permissive. They maintain that summary judgment for the Gas District was reversible error because the Gas District did not overcome the presumption that the use was permissive.
Summary judgment for a defendant is proper only if there is no genuine issue of material fact, and the defendant is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P.Wilson v. Brown, 496 So.2d 756, 758 (Ala. 1986). In Mann v.City of Tallassee, 510 So.2d 222, 225 (Ala. 1987), we stated that "summary judgment should be granted only when, after viewing the evidence in a light most favorable to the non-moving party, it appears that there is no genuine issue of material fact, and the non-moving party cannot prevail as a matter of law," quoting Hale v. City of Tuscaloosa,449 So.2d 1243, 1245 (Ala. 1984). In this case, there is a factual dispute as to whether the MacWillies or the prior owners had actual or presumptive knowledge of the misplacement of the pipeline, and whether the use by the Gas District was permissive or adverse. That the pipeline was marked according to federal and state regulations does not establish conclusively that the prior owners knew or should have known that the pipeline was located outside the easement and that the use was adverse. The MacWillies opposed the motion for summary judgment by claiming that neither they nor the prior owners knew that the pipeline had been installed in the wrong place. This factual dispute precludes summary judgment in favor of the defendant on the issue of its acquisition of the easement by prescription.
The Gas District argues in its brief that the MacWillies' trespass action is barred by the statute of limitations. The limitations defense, however, is not properly before this Court because the defendant never pleaded it below. We have held: "The statute of limitations is an affirmative defense and must be so pleaded." Baker v. Ball, 446 So.2d 39, 40 (Ala. 1984) (citing Rule 8(c), A.R.Civ.P.). This Court discussed the requirement of pleading the defense in McMahan v. Old SouthernLife Ins. Co., 512 So.2d 94, 96 (Ala. 1987):
 "The statute of limitations defense is an affirmative defense that must be raised in the trial court by pleading or by motion before it will be considered on appeal, Cammorata v. Woodruff, 445 So.2d 867 (Ala. 1983); Rule 8(c) and Rule 12(b)(6), A.R.Civ.P., and, where a party fails to plead an affirmative defense, the defense is generally waived. Robinson v. Morse, 352 So.2d 1355
(Ala. 1977)."
The Gas District failed to allege anywhere in its answer, its motion to dismiss, or its motion for summary judgment that the MacWillies' trespass action was barred by the statute of limitations. Since the statute of limitations defense appears nowhere in the record below, it is not before this Court on appeal.
The Gas District pleaded laches in its answer, but pleading this equitable defense is not a substitute for raising the defense of the statute of limitations. *Page 248 
 "Laches is an equitable principle and is a defense only to suits in equity. City of Anniston v. Dempsey, 253 Ala. 597, 45 So.2d 773; Hamilton v. Watson, 215 Ala. 550, 112 So. 115; Courson v. Tollison, 226 Ala. 530, 147 So. 635; Oxford v. Estes, 229 Ala. 606, 158 So. 534; Meeks v. Meeks, 245 Ala. 559, 18 So.2d 260; or to those proceedings at law which are controlled by equitable principles such as mandamus. City of Anniston v. Dempsey, supra. It is a creature of equity and is not controlled by statute. Moss v. Davitt, 255 Ala. 513, 52 So.2d 515."
Ballenger v. Liberty National Life Ins. Co., 266 Ala. 407, 410,96 So.2d 728, 731 (1957). The MacWillies' trespass action is an action at law, and laches is not a defense. Summary judgment on the basis of laches, therefore, would be inappropriate.
Because the statute of limitations defense is not before us in this appeal, and the MacWillies' trespass action is not barred by laches, and, furthermore, because the MacWillies presented evidence that the Gas District had not acquired an easement by prescription across their land, the judgment of the trial court is due to be, and it hereby is, reversed, and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.