MADDOX, Justice.
The plaintiff appeals from a summary judgment for the defendants.
*471 The plaintiff, Milton E. Mills, was a police officer employed by the City of Mobile; he was dismissed for violating certain rules and regulations of the Mobile County Personnel Board and the Mobile Police Department. The facts of Mills’s termination are set out in City of Mobile v. Mills, 500 So.2d 20 (Ala.Civ.App.1986), wherein the Court of Civil Appeals upheld the City’s action in terminating Mills. Mills then brought this suit against the city; Winston J. Orr, the police chief; and Arthur C. Outlaw, the mayor. Mills sought damages for breach of contract, conspiracy, deprivation of constitutional rights, and intentional interference with his employment contract. We affirm the summary judgment.
Mills’s only contention on appeal is that summary judgment was improperly granted for the following reason:
“In the instant appeal there are no affidavits attached to the Motion for Summary Judgment setting forth facts or evidence which would indicate to the Trial Court that there is no genuine issue as to any material fact alleged in the Plaintiff’s Complaint. There are no interrogatories or answers thereto, nor are there any requests for admissions from which the Trial Court could discern that there was no genuine issue as to any material fact as alleged by Plaintiff. The only discovery conducted by the Defendants was the deposition of the Plaintiff which as to the facts stated therein is uncontroverted proof that there are genuine issues as to all material facts cited by the Plaintiff in his Complaint.”
Each defendant’s motion for summary judgment contained the following language:
“This motion is based upon the following:
“1. All pleadings filed in this action;
“2. The transcript of the proceedings held by the Mobile County Personnel Board on May 28, 1985;
“3. The Order of the Mobile County Personnel Board issued June 4, 1985;.
“4. The records of the Circuit Court of Mobile County in Civil Action Number CV-85-2073 which was the plaintiff’s appeal from the decision of the Mobile County Personnel Board;
“5. The Order and decision of the Alabama Court of Civil Appeals in the case styled City of Mobile v. Milton E. Mills, issued October 15, 1986;
“6. The Orders issued by the Circuit Court of Mobile County in Civil Action Number CV-85-002073 whereby the Personnel Board’s Order affirming the suspension and termination of Milton E. Mills was affirmed by the Court;
“7. The deposition testimony of the plaintiff Milton E. Mills;
“8. The Laws and Rules of the Personnel Board for Mobile County, Alabama.”
Mills’s argument that the trial court could not enter summary judgment for the defendants because they did not attach any supporting documents to their motions is without merit. The defendants clearly referenced material that was before the court in making their motions for summary judgment. Furthermore, as this Court has stated:
“Under Alabama law, as well as that of federal courts, a trial court pursuant to Rule 56 may properly consider any material that would be admissible at trial and all evidence of record as well as material submitted in support of or in opposition to the motion when ruling on a motion for summary judgment.”
Kutack v. Winn-Dixie Louisiana, Inc., 411 So.2d 137, 139 (Ala.1982) (emphasis in original). “ ‘[A]ll evidence of record, as well as that evidence formally submitted in support of or in opposition to a motion for summary judgment, should be considered in ruling on the motion.’ ” Speigle v. Lott, 423 So.2d 163, 165 (Ala.1982) (quoting Fountain v. Phillips, 404 So.2d 614 (Ala. 1981)). We find that the defendants’ motions were properly supported.
We also note that the trial court’s case action summary sheet indicates that Mills filed nothing in opposition to the defendants’ motions for summary judgment. “After a motion for summary judgment is made and supported in accordance with Rule 56, A.R.Civ.P., it is incumbent upon *472 the adverse party to come forward with other evidence showing that there is a genuine issue for trial.” Martin v. Wilder, 495 So.2d 633, 636 (Ala.1986).
For the above reasons, the trial ■ court’s judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.