MADDOX, Justice.
These cases involve similar facts and issues and were consolidated on appeal. The legal issue presented is whether the exclusivity provisions of the Workmen’s Compensation Act apply. The resolution of that issue depends, in part, on whether the defendant, David Lyon, was a “co-employee” of the injured employee, as defined in Ala.Code 1975, § 25-5-ll(b).
The plaintiffs contend that the trial court erred in finding that David Lyon was the co-employee of Frank Alexander and Charles Walker. The plaintiffs further contend that, even assuming that they were co-emplóyees of Lyon, the trial court erred in finding that David Lyon did not engage in “willful conduct” that proximately caused the death of Frank Alexander and the injury to.Charles Walker, which would give a cause of action pursuant to Code 1975, § 25-5-ll(b).
On March 15, 1988, Frank Alexander and Charles Walker were working on a scaffolding at a construction site at the Coosa County High School. The scaffolding could be rolled around the construction site *1099 and was approximately 28 feet high and 4 feet wide. Alexander and Walker were on top of this scaffolding when it toppled over, killing Alexander and injuring Walker.
Linda Alexander, as administratrix of her deceased husband’s estate, and Charles Walker sued several defendants, including David Lyon. David Lyon owns two companies, Lyon & Lyon Engineering, Inc., and American All-Steel, Inc. The plaintiffs alleged that David Lyon, in his capacity with American All-Steel, Inc., the subcontractor on the construction site responsible for safety, had willfully failed to provide safe scaffolding for the construction workers to use in their work. They further alleged that Alexander and Walker were employees of Lyon & Lyon Engineering, Inc., and not American All-Steel, Inc., and therefore could not be considered co-employees of David Lyon for purposes of Code 1975, § 25-5-11(b), and, as previously stated, they contend that, if David Lyon was considered a co-employee, he acted in such a willful way as to come under the provisions of § 25-5-ll(b).
David Lyon contended that, for the purposes of the Coosa County High School construction project, he, Walker, and Alexander were employees of American All-Steel, and not employees of Lyon & Lyon Engineering, even though each was paid by Lyon & Lyon. He argues that, although Alexander and Walker were paid by Lyon & Lyon Engineering and not by American All-Steel, Lyon & Lyon Engineering was merely providing a payroll service to American All-Steel and had not actually employed anyone to work on the construction project.
After substantial discovery was entered into by all of the parties, David Lyon filed a motion for summary judgment. The trial court granted that motion, and this appeal arose.
A summary judgment is proper only if there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. MacWillie v. Southeast Alabama Gas Dist., 539 So.2d 245 (Ala.1989). The party moving for summary judgment has the burden of making a pri-ma facie showing that there are no genuine issues of material fact. Once the moving party has carried this burden, the nonmov-ing party must produce substantial evidence to rebut that showing. Rule 56(c), Ala.R.Civ.P.; Code 1975, § 12-21-12; Economy Fire & Cas. Co. v. Goar, 551 So.2d 957 (Ala.1989); and Mills v. City of Mobile, 549 So.2d 470 (Ala.1989).
The plaintiffs argue that there was a genuine issue of material fact regarding whether Lyon was a co-employee under the provisions of Ala.Code 1975, § 25-5-ll(b). We agree. The record shows that American All-Steel was the subcontractor responsible for safety on this construction site. In addition, the record shows that Lyon, Walker, and Alexander were on the payroll of Lyon & Lyon Engineering at the time of the accident.
As stated earlier, Lyon contends that, although each of the men was listed on the payroll of Lyon & Lyon Engineering, they were all actually employed by American All-Steel, and that Lyon & Lyon Engineering was merely performing payroll services for American All-Steel and was not the actual employer of the three men. He supports his contention with his own sworn affidavit and that of his wife, along with the payroll sheets applicable to Walker and Alexander. The payroll, however, lists the men’s employer as Lyon & Lyon Engineering, and rather than supporting Lyon’s contention that the men were employed by American All-Steel, they actually show that the question of their employment was disputed.
The plaintiffs contend that Lyon & Lyon Engineering was the actual employer of the two men, not American All-Steel. They argue that the evidence shows that Lyon, in his capacity with American All-Steel, was responsible for the safety of the workers on this construction project and that Lyon, in his capacity with Lyon & Lyon Engineering, was responsible for providing the labor for the project. In support of their contentions, the plaintiffs supplied the trial court with the payrolls, which name Lyon & Lyon Engineering as the employer. In addition, they furnished the *1100 trial court with the deposition testimony of Linda Alexander, who stated that her husband had worked for Lyon & Lyon Engineering, and of Gregory Walker, a co-worker of Walker and Alexander, who stated that he also was an employee of Lyon & Lyon Engineering.
Lyon had the burden of making a prima facie showing that there was no genuine issue of material fact as to whether Lyon was a co-employee of Walker and Alexander. He failed in this. We hold that there was a genuine issue of material fact as to whether the men were co-employees of David Lyon. We base this holding on the fact that, included in the record, were accounting records showing that Alexander and Walker were listed on Lyon & Lyon’s payroll. In addition, the record shows that both Walker and Alexander’s tax forms listed Lyon & Lyon as their employer. Therefore, the trial court erred in entering the summary judgment.
Having decided that the summary judgment was inappropriate, we decline to discuss the second issue raised by the plaintiffs.
89-1829 REVERSED AND REMANDED.
1900438 REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES and KENNEDY, JJ., concur.
HOUSTON, J., concurs specially.