MOORE, Judge,
dissenting.
The present case involves a disputed strip of property within the Morgantown subdivision that .had been sold, along with two other lots, to Phillip Dombrowski by Stewart & Nelson Development Co,, Inc. (“SNDC”), in August 1994. Following that conveyance, the ad valorem taxes on the property were not paid, and, in May 1996, the State Land Commissioner obtained title to the disputed property, Thereafter, Harris W.. - Stewart, Jr., an officer of SNDC, purchased the disputed property from the State Land Commissioner at a tax-sale, and, subsequently, the disputed property was conveyed to the Morgantown Property Owners Association, Inc. (“the MPOA”),. in May 2009. In March 2001, Dombrowski conveyed his interest in the disputed property to the Dombrowski Living Trust (“the DLT”), of which D.ombrow-ski-and his wife are cotrustees, and,.in June 2013, the DLT filed a complaint-seeking to judicially redeem and quiet title to the disputed property. I agree with the determinations in- the main opinion that the conveyance of the disputed property by SNDC to Dombrowski was valid and that the DLT was in sufficient possession of the disputed property for purposes of proceeding with its claim to judicially redeem the disputed property. However, because I conclude that the doctrine of laches is inapplicable in the present case, I respectfully dissent.
In its brief on appeal, the, MPOA argues, citing Ex parte Smokerise Homeowners Association, 962 So.2d 793 (Ala.2007), that the DLT is estopped from redeeming the disputed property based upon its inequitable conduct. Specifically, the MPOA refers to the DLT’s inequitable conduct of failing to pay taxes on the disputed property; of the DLT’s delaying bringing suit, despite its knowledge of the sale , of the disputed property to Stewart at a tax sale in 2001; and of the DLT’s desiring to redeem the disputed property to prevent other lot owners and their guests from accessing the beach by way of the disputed property. In its summary-judgment motion, the MPOA also argued that the DLT’s inaction between the time it learned that the disputed property had been sold at a tax sale and. its commencing the action to redeem the disputed., property prejudiced the MPOA because it would require the MPOA and its members to incur additional costs “in pm-chasing another beach-access easement at a higher price in today’s market.”
“ ‘Laches’ is defined as neglect to assert, a right or a claim that, taken together with a lapse of time and other circumstances causing disadvantage or prejudice to the adverse party, operates as a bar, See Black’s Law Dictionary 787 (5th ed. 1979), Laches is an equitable doctrine designed tq prevent unfairness to a defendant ([the MPOA]) due to a plaintiffs ([the DLT’s]) delay in filing suit, in the absence of an appropriate statute of limitations. Equal Employment Op *249 portunity Commission v. Dresser Industries, Inc., 668 F.2d 1199 (11th Cir.1982). It is based on the public poliey discouraging stale demands and is not based upon mere lapse of time. It is principally a question of the inequity of permitting a claim to be enforced where some change in condition has taken place that would make the enforcement of the claim unjust. Davis v. Alabama Power Co., 383 F.Supp. 880 (N.D.Ala.1974), affirmed, 542 F.2d 650 (5th Cir.1976), affirmed, 431 U.S. 581, 97 S.Ct. 2002, 52 L.Ed.2d 595 (1977). It is designed to prevent unfairness .caused by a party’s delay in asserting a claim or by his failure to dp something that equity would have required him to do. Sims v. Lewis, 374 So.2d 298 (Ala.1979); United States v. Olin Corp., 606 F.Supp. 1301 (N.D.Ala.1985); Golightly v. Golightly, 474 So.2d 1150 (Ala.Civ.App.1985).
“To establish the application of. the doctrine of laches, the [MPOA] had to show that [the DLT] delayed in asserting [its] right or claim, that [its] delay was unexcusable, and that [its] delay caused the [MPOA] undue prejudice. Citibank, N.A. v. Citibanc Group, Inc., 724 F.2d 1540 (11th Cir.1984); Equal Employment Opportunity Commission v. Dresser Industries, Inc.; supra; Classic elements of undue prejudice, for purposes of determining the applicability of the doctrine of laches, include the unavailability of witnesses, changed- personnel, and the loss of pertinent records. Equal Employment Opportunity Commission v. Dresser Industries, Inc., supra. To bring the doctrine of laches into operation, it is not necessary that the court should be convinced that the original claim was unjust or had been.satisfied, but it is sufficient if the court believes that, under the circumstances, it is too late to ascertain the merits of the controversy. Meeks v. Meeks, 251 Ala. 435, 37 So.2d 914 (1948).”
Ex parte Grubbs, 542 So.2d 927, 928,-29 (Ala.1989).
In the present case, the MPOA failed to submit any evidence in support of its summary-judgment- motion indicating that witnesses-or records pertinent to the DLT’s lawsuit to redeem the disputed property were unavailable or lost such that it had been unduly prejudiced in defending the lawsuit. The passage of'time between-the tax sale and the DLT’s lawsuit to redeem the disputed property aloné is not enough to invoke the doctrine of laches. See L.B. Whitfield, III Family LLC v. Whitfield, 150 So.3d 171, 181 (Ala.2014). The MPOA submitted affidavits and documentation of several witnesses indicating that the information necessary to defend the lawsuit remained available despite the passage of time. With regard to the MPOA’s assertion that the DLT had failed to pay taxes on the disputed property, § 40-10-83, Ala. Code 1975, provides that, if the DLT were allowed to judicially redeem the disputed property, it would be required to repay those amounts for taxes paid by the purchaser of the property. Thus, the MPOA would not be unduly prejudiced by the DLT’s failure to pay taxes on the disputed property.
In support of its assertion in its summary-judgment motion that it would incur additional costs in purchasing another beach-access easement at.-a higher price in today’s market, the MPOA cited the affidavit statements of a Morgantown subdivision homeowner; a letter to Stewart from Jon Terry, a member of the Morgantown Property Owners Association Board (“the Board”); and Terry’s deposition testimony, which all indicated collectively that there is a need and desire for additional beach access for homes in the subdivision that are not beachfront homes and that the *250 Board had discussed building boardwalks to provide that access.[3] There is no evidence in support of the MPOA’s summary-judgment motion, however, indicating the amount that a similarly situated parcel of land would cost or that the MPOA would certainly purchase such a replacement for the disputed property if it were not allowed to maintain, ownership of the disputed property and provide beach access via the disputed property. I conclude, however, that even if the MPOA did satisfactorily prove that contention, that form of prejudice is not of the type the doctrine of laches is designed to avoid.
Because, in my opinion, the MPOA failed to show that the DLT’s delay in asserting its claim to judicially redeem the disputed property unduly prejudices its ability to litigate its case, I would decline to apply the doctrine of laches in the present case. Further, because I agree with the remainder of the discussion in the main opinion, I would reverse the trial court’s summary judgment disallowing the DLT from judicially redeeming the disputed property. Accordingly, I respectfully dissent from the main opinion’s affirmance of the summary judgment.
Thomas, J., concurs.

. The MPOA also argues, .with regard to its equitable defenses, that Dombrowski had not acquired title to the disputed property, citing excerpts of Terry’s deposition testimony indicating that SNDC had not had any authority to convey the disputed property to Dom-browski, which testimony was submitted in support of that proposition in its summary-judgment motion. Because I agree with the determination in the main opinion that the conveyance of the disputed property to Dom-browski in 1994 was not void, I decline to further address that argument.